## CHARLES BENTE, EXECUTOR, v. ANNIE SULLIVAN.

### Decided December 2, 1908.

**1.—Homestead—Tax Sale—Redemption.**

On a judgment by a city for taxes, a homestead, acquired when worth less than $5,000, was sold to the city and by it to another. The owner, remaining in possession and having under the city charter two years in which to redeem, brought suit against the purchaser to set aside the sale. By a compromise the purchaser had judgment for the property, then worth $12,000, and reconveyed to the owner for $4,000. Held, that the transaction was equivalent to a redemption from the sale; the owner was reinstated in his original homestead rights to the entire property, and not limited therein to a $5,000 interest, as in a newly acquired homestead.

**2.—Tax Sale—Redemption.**

Where a right to redeem from tax sale exists, the purchaser acquires no constructive possession or right to possession during its continuance.

**3.—Same.**

The effect of a tax sale and the rights thereunder are to be determined by the law in force at the time of the sale; and a right of redemption exists, if given by the law then in force, though the sale was for back taxes accruing at a time when the law gave no right to redeem.

**4.—Same—Judgment.**

A judgment and sale for back taxes which expressly recognized the right of the owner to redeem was conclusive as to the existence of that right in a controversy as to the homestead rights between the widow and the independent executor of such owner, both claiming under him.

**5.—Judgment—Parol Evidence.**

Parol evidence of the purpose and consideration of an agreed judgment recovering land and a conveyance from the party recovering to his adversary, not contradicting the record or deed, was admissible to show that the transaction was in effect a redemption of the land from a tax sale.

**6.—Homestead—Abandonment of Part.**

Where the homestead was established in a building used as a hotel, and incapable by its nature of specific partition, there could be no abandonment of a part only of the premises by failing to use such part for homestead purposes. Following Forsgard v. Ford, 87 Texas, 185.

**7.—Estates of Decedents—Jurisdiction.**

The District Court had jurisdiction of an action by the widow against the independent executor of deceased, to recover the property to which she was entitled as homestead and allowances, she declining to take under the will.

**8.—Widow—Homestead and Exemptions—Remarriage.**

The widow of a decedent is not deprived by remarriage of her right to the homestead and allowances secured her by law.

Appeal from the District Court of Harris County. Tried below before Hon. Charles E. Ashe.

*John Kennedy* and *A. C. Van Velzer,* for appellant.—The County Court is given exclusive jurisdiction to annul or suspend provisions of a will, and the District Court has no jurisdiction to hear such cause in the first instance. Prather v. McClelland, 76 Texas, 584; articles 1991 et seq., of Revised Statutes; article 5, section 8, State Constitution. The homestead exemption may be lost in a portion of a building by the use of such portion for purposes different from the occupation of the owner for such length of time as will indicate a permanent abandonment as a part of the residence and business homestead. King v. Shoe Co., 51 S. W., 533; Wynne v. Hudson, 66 Texas, 1; Hargadine v. Whitfield, 71 Texas, 485; Hinzie v. Moody, 13 Texas Civ. App., 193; Pfeiffer v. McNatt, 74 Texas, 641.

It is improper to allege that the object and result of a suit which has proceeded to final judgment was to redeem the property from a sale for delinquent taxes when the decree shows that redemption was not an issue in the former suit; and a special exception to such allegations should be sustained; and where such special exception is overruled and parol evidence is admitted, which, it is claimed, tends to show such suit was a redemption of the property, a finding that the suit was such a redemption is not sustained by parol testimony which contradicts the pleadings and the decree in the former case. Edwards v. Kearsey, 96 U. S., 595.

No statutory equity of redemption existed in favor of one whose property was sold in April, 1900, under a decree rendered in February, 1900, for delinquent taxes due the city of Houston for, the years 1885, 1886, 1887, 1888, 1889, 1896 and 1897, suit for which was brought in 1894. Berry v. San Antonio, 92 Texas, 323.

The law of 1899 creating the equity of redemption did not give that right to defendants in suits then pending for delinquent taxes. Article 1, section 16, Texas Constitution; Berry v. San Antonio, 92 Texas, 328; Mellinger v. City of Houston, 68 Texas, 37; De Cordova v. City of Galveston, 4 Texas, 480; Hill v. Bayland, 40 Miss., 618; Memphis v. U. S., 97 U. S., 293; Grigsby v. Peck, 57 Texas, 147; Woart v. Winnick, 3 N. H., 437; Willard v. Harney, 24 N. H., 344; Wolf v. New Orleans, 103 U. S., 358.

The obligation of the Sullivans to pay to the city of Houston taxes on the property in controversy for the years 1885, 1886, 1887, 1888, 1889, 1896 and 1897, and the liability of said property therefor, could not be released or extinguished in whole or in part by any Act of the Legislature. Article 3, section 55, State Constitution; Ollivier v. City of Houston, 93 Texas, 201; City v. Whipple, 39 Cal., 112; Dugan v. Mayor, 1 Gill. & J., 499.

An obligation is impaired—lessened, released in part—by extending the time of payment, or by staying its enforcement. Barnitz v. Beverly, 163 U. S., 119; Goggans v. Turnipseed, 1 S. C., 80; Luter v. Hunter, 30 Texas, 688, and three following cases. When these taxes became delinquent the property was liable to be taken from the Sullivans at once upon foreclosure. This liability could not be released or extinguished in part by legislation which depreciated the effectiveness of the remedy for their collection. Fullerton v. Bank, 1 Pet., 604; Von Hoffman v. Quincey, 4 Wall., 535; Walker v. Whitehead, 16 Wall., 314. Stay laws are a depreciation of the remedy for the enforcement of an obligation. Webster v. Rose, 6 Heisk. (Tenn.), 93; Bronson v. Kinzie, 1 How., 311; Green v. Biddle, 8 Wheat., 1, p. 75.

The creation of the right of redemption, without regard to the period of possession, gives the debtor an asset still more valuable than the extension of time for which he may occupy his property, and to that extent the liability of the debtor is partially released. Barnitz v. Beverly, 163 U. S., 119; Johnson v. Winslow, 64 N. C., 27; Oatman v. Bond, 15 Wis., 20; Riggs v. Martin, 5 Ark., 506; Bank v. Sharp, 6 How., 301; Sturgis v. Crowninshield, 4 Wheat., 122. The creation of a right of redemption is an exemption of the property from liability, and to that extent it partially releases the owner from his obligation. Wilson v. Brown, 58 Ala., 62; Bush v. Lester, 55 Ga., 579; Lessley v. Phipps, 49 Miss., 790; Harvey v. Wichham, 23 Mo., 112; Howard v. Bugbee, 24 How., 461. The extension of the period of possession enlarges the estate which the debtor may hold, and thus postpones the enforcement of the creditor's claim; this is a partial release from liability. Brine v. Ins. Co., 96 U. S., 627; Swinburne v. Mills, 17 Wash., 611; State v. Gilliam, 18 Mont., 109.

The decree of the District Court in cause No. 29378 could not properly be attacked collaterally in this case.

In general: Leberman v. Hill, 1 App. Cas., sec. 26; Lee v. Kingsbury, 13 Texas, 70; Ayers v. Parrish, 40 S. W., 437; Dickson v. Moore, 9 Texas Civ. App., 514; Railroad v. Long, 1 Texas App. Cas., sec. 560; Freeman v. McAnnich, 87 Texas, 132. The legal construction put by the law upon the pleadings and decree of a court can not be enlarged or in any way affected by parol testimony, as such course would be to substitute therefor the opinions and conclusions of witnesses. Roberts v. Connellee, 71 Texas, 14; Leman v. Borden, 83 Texas, 622; Collins v. Ball, 82 Texas, 267. A judgment by consent is authorized by statute and can not be collaterally attacked. Goliad v. Weisiger, 23 S. W., 694; Turner v. Gibson, 2 Texas App. Cas., sec. 715; Gunter v. Fox, 51 Texas, 382; Hollis v. Dashiell, 52 Texas, 187; Ivey v. Harrell, 1 Texas Civ. App., 226. A judgment by consent is equally binding on a married woman. Dalton v. Rust, 22 Texas, 134; Ryan v. Maxey, 43 Texas, 192. Where a decree divests a party of title and right of possession it is conclusive of such issues, and precludes the defeated party from impeaching the decree by an assertion of title, or right to possession, under the homestead claim, or in any other way that would impair the force of the decree. Tadlock v. Eccles, 20 Texas, 791; Miller v. Sherry, 2 Wall., 237.

The homestead right is a shield which protects the owner's title. Whenever actual title is conveyed the conveyance terminates the existing homestead right. If the title is reacquired, the homestead right which shields the new title dates as of the time of its reacquisition. Williams v. Wethered, 37 Texas, 132; Hampton v. Gilliland, 23 Texas Civ. App., 87; Loessing v. Washington, 57 S. W., 990; Ferguson v. Reed, 45 Texas, 581; St. Louis Brewery v. Walker, 23 Texas Civ. App., 6; Lake v. Boulware, 12 Texas Civ. App., 660; Richards v. Nelms, 38 Texas, 446; Fitzhugh v. Connor, 74 S. W., 83; Waggener v. Haskell, 13 Texas Civ. App., 630; Wilder v. McConnell, 91 Texas, 604; Laucheimer v. Saunders, 97 Texas, 141.

If the value of a homestead exceeds $5000, exclusive of improvements, at the time of its last designation, it is subject to partition, if partition can be made; otherwise it may be sold and the proceeds of sale divided between the owners. Article 16, sec. 51, State Constitution; McLane v. Paschal, 7 Texas, 13, 11 Texas, 121, 47 Texas, 371, 74 Texas, 25; Paschal v. Cushman, 26 Texas, 74; North v. Shearn, 15 Texas, 175; Williams v. Jenkins, 25 Texas, 280; Hargadene v. Whitfield, 71 Texas, p. 490, of opinion; Thomp. on Homestead and Exemptions, sec. 725.

After a second marriage a surviving spouse is not entitled to an allowance out of her first husband's estate, she not being then a widow. The decisions (Woodall v. Rudd, 41 Texas, 375; Ball v. Lowell, 56 Texas, 579), make the allowance a matter of discretion to depend upon the station in life, the circumstances, the amount of estate and the apparent needs of the widow; in the Woodall case it was denied.

*Wilson & Cole,* for appellees.—The estate of the deceased, Wm. Sullivan, being administered by defendant as the independent executor of the will of Wm. Sullivan, deceased, free from the supervision and control of the Probate Court, the District Court is the only court that has jurisdiction to set apart homestead and other exemptions to plaintiff, the surviving widow. Sayles' Civil Statutes, article 1995; Runnels v. Runnels, 27 Texas, 516; Holmes v. Johnson, 56 Texas, 51; McDough v. Cross, 40 Texas, 251; Nelson v. Lyster, 32 Texas Civ. App., 356; Ray v. Whitaker, 92 Texas, 355.

The front part of appellee's business and residence homestead being an integral part of the building on lots that are exempt as a homestead, can not be subjected to forced sale under the Constitution and laws of this State. Forsgard v. Ford, 87 Texas, 185; Prufrock v. Joseph, 27 S. W., 264; Tenny v. Westphall, 26 S. W., 436.

Under the decree of the District Court of February 16, 1900, and the law of the State of Texas, appellee had the right to redeem her homestead from the sale of her property for city taxes thereunder at any time within two years after the date of the sale. Chapter 27, page 186, Special Laws of Texas, Twenty-sixth Legislature, 1899, amending the city charter of Houston, being section 40 of the city charter of Houston, page 56; Acts of 1899, chapter 40, laws of Texas, page 50; Article 519.8a, supplement Sayles' Civil Statutes; Collins v. Ferguson, 22 Texas Civ. App., 552.

The purchaser's rights and appellee's right of redemption are governed by the laws in force at the date of sale. 27 Am. & Eng. Ency. of Law (2d ed.), 972; Phelps v. Powers, 97 N. W. (Minn.), 136; State v. Mantz, 62 Mo., 258; Kipp v. Johnson, 75 N. W. (Minn.), 736; McCan v. Merriman, 11 Neb., 241; Sheffner v. Mitchell, 109 Tenn., 181; Smith v. Cleveland, 17 Wis., 556; Merrill v. Deering, 32 Minn., 479; State v. Holden, 62 Minn., 246; 2 Blackwell on Tax Titles, 997-8-9; Black on Tax Titles, section 349.

The power of taxation and the method of enforcing the collection thereof by the city of Houston is not private property or a vested right of property in the city's hands, but the conferring of such a power by the State Legislature is the exercise of a public governmental power, and is always subject to revocation, modification and control, and is not the subject of contract. Blessing v. City of Galveston, 42 Texas, 657; Bass v. Fontleroy, 11 Texas, 698; Galveston, etc., Ry. Co. v. Galveston, 96 Texas, 520; Brown v. Galveston, 97 Texas, 1; Compton v. Waco, etc., 62 Texas, 718; 1 Smith's Modern Law of Municipal Corporations, secs. 60, 68, 97, 98; Essex, Road & Bridge v. Shinkle, 140 U. S., 334; Merriwether v. Garrett, 102 U. S., 511.

Suits then pending, brought by the city for collection of delinquent taxes, were governed by the law as amended, and all rights acquired by parties purchasing property under a tax sale thereafter, were governed by the amended city charter. Sutherland on Statutory Construction, secs. 162-3; 26 Am. & Eng. Ency. of Law (2d ed.), 746-7; Halfin v. State, 5 Texas App., 214; Etter v. Missouri, K. & T. Ry., 2 Texas Civ. App., 49; Terry v. Dale, 27 Texas Civ. App., 1; Williams v. New Jersey, 130 U. S., 189.

Appellee and appellant's testator being parties to the suit by the city of Houston against them, appellant could not now urge any objection to appellee's and defendant's testator's rights, acquired under the decree of the court, the city being satisfied and no appeal being taken from the judgment. Williams v. Egleston, 170 U. S., 304; O'Phinney v. Trustees, etc., 42 Atl., 58.

The compromise agreement between Sullivan and wife and B. J. Dodge operated as and was a redemption by appellee and her husband of their homestead from the tax sale. Gould v. Day, 94 U. S., 405; Houston v. Buer, 117 Illinois, 324; Manning v. Bonard, 87 Ia., 648; Jones v. Miami County Coms., 30 Kan., 278; Prizer v. Taylor, 3 Kan. App., 690; Montgomery v. Whitfield, 41 La. Ann., 649; Failer v. McRae, 56 Miss., 227; Cox v. Storwell, 21 Pa., 480.

The testimony of the witness Lockett was admissible for the purpose of showing the inducing cause to appellee and her deceased husband in consenting to the agreed judgment, and for the purpose of explaining and connecting the agreed judgment and the deed from Dodge to Sullivan as one and the same transaction. East Line Ry. Co. v. Scott, 72 Texas, 78; Ward v. Gibbs, 10 Texas Civ. App., 287; Blair v. Slosson, 27 Texas Civ. App., 403; Howard v. Davis, 6 Texas, 174; Gould v. Mort. Metal Co., 207 Ill., 172; McGuffee v. Burleigh, 78 Law Times Rep., N. S., 90; 17 Cyc., 693, 713.

The city of Houston and its vendee did not acquire title to the land, and would not, except upon default of appellee or her husband in redeeming their homestead, before the two years time for redemption had expired. 27 Am. & Eng. Ency. of Law (2d ed.), 982; Cooley on Taxation, sec. 11, 542; 2 Blackwell on Tax Titles, secs. 700, 965; Black on Tax Titles, sec. 322; Woodland Oil Co. v. Shoup, 107 Pa. St., 293; Hilton v. Smith, 33 S. W., 464, 35 S. W., 1137; O'Day v. Bowker, 143 Mass., 59; Darling et al. v. Purcell, 100 N. W., 726.

FISHER, CHIEF JUSTICE.—This is a suit by Annie Sullivan, filed in November, 1905, against the appellant as the executor of the will of William Sullivan, deceased, to have set apart to her certain real estate, known as lots 6 and 7, in block 25, in the city of Houston, as her homestead, and a year's allowance or exempt personal property in lieu thereof, and exempt personal property to which she is entitled as the head of a family or an allowance in lieu thereof, and for the recovery of $150 against the estate of William Sullivan, deceased, due physicians by said estate for medical attention rendered during the last illness of William Sullivan, deceased, the account for which having been purchased by appellee and assigned to her by Drs. Stewart, Redd & Stewart, and for a general decree protecting her homestead interest in the property and the lots described, and providing for all exemptions she would be entitled to under the law as the surviving wife of William Sullivan, deceased.

The case was tried before the court without a jury and judgment rendered in appellee's favor awarding to her and setting aside to her lots 6 and 7 and the improvements thereon, as her homestead, and decreeing her an allowance of $400 in lieu of exempt personal

property, and judgment in her favor for $150, medical fees, and setting apart to her a bedroom suite of furniture and awarding her the parlor and diningroom and kitchen furniture as exempt property, which was in the building at the time of the death of her husband, William Sullivan.

There is in the record findings of fact and conclusions of law of the trial court, which we adopt and approve, which dispose of all of the principal questions raised in appellant's brief. The findings and conclusions are somewhat lengthy, and on this account we will condense the facts which we deem important to be stated in order to understand the questions passed on in this opinion.

The appellee, Annie Sullivan, who at the time of this trial and subsequent to the filing of this suit was Annie Evans, she having married W. M. Evans, married William Sullivan in November, 1879, and on the 22d day of April, 1882, William Sullivan purchased the lots in controversy, being 150 feet on Congress Avenue, by 100 feet in depth, for a consideration of $5000. Sullivan immediately erected on these lots a three-story brick house, which he and his wife, appellee Annie Sullivan, occupied as a residence and a hotel, which they continuously occupied and used as a residence and hotel up to the date of Sullivan's death in August, 1904, since which time appellee has continued to reside on the property and conduct the hotel as before Sullivan's death. In 1894 the city of Houston filed suit against Sullivan and his wife for delinquent taxes, which suit remained upon the docket until February 16, 1900, when at that time judgment was rendered against Sullivan and wife in favor of the city for $2300, for the delinquent taxes due for certain years prior to that time up to the year 1897, with an order of court foreclosing the tax lien on the lots in question. These lots and the property in question under this decree were on the third day of April, 1900, sold by the sheriff to the city of Houston. Thereafter, on the 4th day of May, 1900, the city of Houston, for a consideration of $2426.95, sold the property in question to one B. J. Dodge. On May 7, 1900, Sullivan and wife filed a suit against Dodge and the city of Houston, seeking to set aside the sheriff's sale for irregularities, and also to set aside and cancel the deed from the city of Houston to Dodge. There was no trial of this suit, but on the 7th of June, 1900, it was compromised and settled by an agreement between Sullivan and wife and Dodge. According to that agreement a judgment was entered against the Sullivans in favor of Dodge for the property. At the same time and as a part of the same transaction, Dodge executed to the Sullivans for and in consideration of $4000, evidenced by certain notes, a deed of conveyance to the property. During the time mentioned, the Sullivans remained in possession, occupying the property as their homestead. They were never ousted, nor did they ever part with possession, and they so continued to remain until the death of William Sullivan, in 1904. William Sullivan left a will, which was properly probated, and under which the appellant claims the property as executor. It is unnecessary to mention the terms of this will, except to state that the appellee Annie Sullivan declined to accept under it, so far as it affected her

interests, and preferred to take what she was entitled to as the widow of William Sullivan. This is an independent will, and the executor is operating and acting under it free of orders of the Probate Court. The trial court found, and there is evidence to support that conclusion, that the estate of William Sullivan was insolvent.

Fifty-five assignments of errors are presented in the briefs, and we have given them all careful consideration and conclude that they present no reversible error. In this opinion we will not undertake to discuss all of the assignments, but will only notice those which in our opinion present the important questions in the case.

It is contended by appellant that by reason of the judgment in favor of the city for the back taxes due upon the property and the sale thereunder to the city and the sale by the city to Dodge and the judgment in his favor against the Sullivans, the latter lost their title to the property, which had the effect of terminating their then homestead interest, and which interest only became reestablished when the property was conveyed to them by the deed from Dodge. The trial court found that at the time of the designation of the homestead in 1882 the property was of less than $5000 in value exclusive of the improvements, and also found that the value of the lots in the spring of 1900, exclusive of the improvements, was about $12,000. The appellant contends that the homestead designation is to be determined at the time that the Sullivans reacquired the property from Dodge, and that the value existing at that time will govern, which the court has determined to be $12,000, exclusive of the improvements, and the excess of this over $5000, the amount fixed by the Constitution, would be subject to administration by the executor. The time that the judgment by the city was obtained and the sale made and judgment entered in Dodge's favor against the Sullivans and the deed made to them by Dodge was less than two years, in fact, all of these transactions occurred within a few months, during which time the Sullivans were in possession, claiming the property. Under the Act of 1899, as well as the charter of the city of Houston, they had the privilege of redeeming within two years from the date of the tax sale; and the trial court held that the effect of the transaction between them and Dodge was tantamount to a redemption. This conclusion of the court below is amply supported by evidence. The law does not require any particular form of procedure in order to assert the right to redeem, but any transaction by which the purchaser under the tax sale and the owner of the property accomplish this purpose will be sufficient. It is clear from the facts that that was the purpose and object of the Sullivans in purchasing from Dodge. The property at that time was worth many thousands of dollars more than the $4,000 which the Sullivans agreed to pay Dodge therefor. Dodge had just acquired it from the city and the Sullivans promptly brought suit to have the sale set aside. Instead of trying the case, it was agreed that a judgment should be entered in favor of Dodge, he at the same time executing a conveyance back to the Sullivans for the property for a consideration, as before said, small in comparison to the then actual value of the property.

It has been universally held that where the statute confers upon the owner the right to redeem, his title is not extinguished until the time for redemption has expired. The opinion generally entertained upon this subject is very accurately expressed by Judge Cooley in his work on Taxation, second ed., p. 542: "The purchaser has no title to the land until the time for redemption has expired. He has consequently no constructive possession of the premises and no more right to go upon and make use of them than any stranger to the title would have. His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner who may recover against him for injury committed. Redemption gives no new title; it simply relieves the land from the sale which has been made, and this is true, whether the redemption is made before the statutory time has expired or by consent of the purchaser afterwards."

In opposition to an application of this principle, the appellant insists that as the taxes for which the city obtained its judgment accrued for years prior to the time that there existed any general law or provision of the charter of the city which provided for redemption, the rule could have no application. It will be observed that the judgment enforcing the right of the city to these taxes was rendered after the general Act of 1899 and the city charter providing for redemption took effect. The rule is general that a tax sale and the rights acquired thereunder are to be determined by the law in force at the time of sale (27 Am. & Eng. Ency. Law, 2d ed., 972); and we think there is no force in the suggestion offered by the appellant that the right to redeem would not apply to a sale made under the judgment in question.

Furthermore, we do not think that the appellant is in a position to raise this question. His rights would be no greater than those of the testator under whom he claims, and the judgment rendered by the city against him in all of its parts, especially that which was favorable to his interests, would be binding upon the executor. That judgment is not in issue in this case; there is no attack made upon it, and if it preserved a right in favor of Sullivan, it would bind his executor. That judgment contained a recital limiting the right of a purchaser thereunder to possession for two years after the date of sale. In other words, a writ of possession could not issue under this judgment until the expiration of two years from the date of sale under it. This was clearly incorporated in the judgment for the purpose of preserving the right of the Sullivans to redeem, and, as said before, long before this right expired the Sullivans did redeem.

If there could be any force whatever in the suggestion offered by the appellant that the statute and charter allowing the redemption would not apply to taxes that accrued for years in which there was no statute, then this judgment by its terms and effect granted that right to Sullivan. We do not know the circumstances under which that judgment was obtained. It might have been agreed to by the parties; the city may have assented as one of the conditions of obtaining judgment against Sullivan that it should include a recital

allowing the latter to redeem. At least, the judgment containing such recital must be presumed to be correct; and certainly, the law will not allow the appellant as executor of Sullivan, to complain of a recital which was evidently at the time it was made to Sullivan's advantage.

The brief contains objection to the action of the trial court in allowing evidence to show the purpose and consideration under which the judgment was rendered in favor of Dodge against the Sullivans. The purpose of this testimony was to show that it was a compromise judgment, and the amount agreed to be paid, and that a part of the consideration of the same was that the judgment would be rendered in favor of Dodge, and Dodge was to reconvey back to the Sullivans for a consideration of $4000. The court went into this for the purpose of ascertaining the nature of that transaction, and what effect should be given to it as indicating whether the purpose was to redeem. We think that the testimony was admissible. It did not have the effect of contradicting any recitals contained in the deed or of the judgment in Dodge's favor, but it was merely in explanation of the transaction, offered to show its consideration.

It is also claimed by the appellant that there is about twenty by thirty feet of the hotel building, a part of the property in controversy, which had been abandoned as a part of the business or residence homestead, and was subject to administration by the executor. The court disposed of this against the contention of appellant in its findings, holding, in effect, that the facts relating thereto brought this question within the rule announced in Forsgard v. Ford, 87 Texas, 185. From the facts relating to this question, it appears that this portion of the building can not be separated or divided or partitioned from the main building, that it is all a part of the same structure, and in our opinion this question is controlled by the case referred to.

There is a suggestion in the brief to the effect that the District Court had no jurisdiction of this controversy. It is not the purpose of this suit to set aside any provision of the will of Sullivan, deceased, but it was merely an assertion of right by the appellee to certain property which she was entitled to recover as against the executor. It was a contest as to the possession of certain property and the recovery of claims against the estate. The executor was acting independently of the Probate Court, and anyone aggrieved by a denial of right by him could bring his suit in the District Court if it had jurisdiction of the amount or the subject of controversy.

It is claimed by appellant that the trial court erred in awarding Mrs. Sullivan the entire amount sued for, as shown by the account of the physicians which was assigned to her. There are some facts in the record tending to show that the executor recognized the right of the physicians to the extent claimed by the appellee, that is, $150. They claimed a considerable sum more than this, but the $150, it seems, was reached by agreement between the representative of the physicians and the executor. The appellee purchased from the physicians the account, and we know of no reason why she should not

be entitled to recover the full amount agreed to be paid by the executor.

It is claimed by the appellant that as Mrs. Sullivan was married at the time that the judgment in this case was entered, she was not entitled to the allowances allowed by the statute to surviving widows. We will not undertake to lay down a general rule upon this subject, but we will merely dispose of it by saying that, under the facts of this case, we are of the opinion that Mrs. Sullivan was entitled to the allowances established by the judgment and to the exempt property set aside to her. A case may arise in which the statute·allowing such exemption would not apply; that is a question we will not undertake to determine. Without an extensive investigation upon this question, we have so far been unable to find any Texas case that has a direct bearing upon it. The case of Pressler's Heirs v. Robinson, 57 Texas, 460, by analogy, seems to justify the conclusion that the marriage of the widow does not cut her off from the exemptions she would be entitled to.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.