## McGRAW v. POTTS et al.

### No. 3835.

Court of Civil Appeals of Texas. Texarkana. March 26, 1930.

Rehearing Denied April 10, 1930.

O. E. Reed, of Sherman, for appellant.

W. J. Durham, of Sherman, for appellees.

HODGES, J.

This suit was filed by the appellees to recover title and possession of a lot in the city of Sherman and to cancel a tax deed theretofore made by the sheriff of Grayson county conveying the property to the appellant. The plaintiffs in the case claimed to be the owners of the property, deraigning title by inheritance from one Hetty Venters, who died in 1927. They alleged that in July of 1927 the land was sold for taxes and purchased at sheriff's sale by the appellant, McGraw. They attack as invalid the judgment rendered in the suit for taxes filed by the county attorney in 1926. The principal ground of the attack is that Hetty Venters, who was then the owner of the lot, had not been legally served with citation. They also alleged that within two years after the sale of the land to McGraw they had tendered to McGraw double the amount paid by him for the land at the tax sale, and that he had refused the tender.

The case was tried before the court without a jury, and a judgment rendered in favor of the appellees. The court filed his findings of fact and conclusions of law. In his findings of fact he stated in chronological order the legal proceedings in the suit which had been instituted by the county attorney to recover the taxes, and found that the law had not in all respects been complied with, that citation had been served by publication, and that the absent defendant had not been represented by an attorney, as required by law. For that and other reasons the court held that the judgment rendered in the tax suit should be set aside. The court also found as a fact that during the month of December, 1928, and again during the month of January, 1929, the plaintiffs, for the purpose of redeeming the lot, tendered to the defendant the sum of $103.90, that amount being double the sum paid by McGraw at the tax sale; and that this tender, though made within two years from the date of the sale of the land, was refused. The court concluded as a matter of law: (1) That the judgment rendered in the tax suit on the 26th day of April, 1927, was

void; (2) that the tax deed executed in July, 1927, by the sheriff of Grayson county conveying the property to the appellant, McGraw, was null and void; (3) that the tax deed cast a cloud upon the plaintiffs' title to the lot; (4) that the plaintiffs were the sole owners of the land involved in the suit.

After setting aside the former tax judgment and canceling the tax deed conveying the property to McGraw, the judgment further provided that McGraw should recover of the plaintiffs the amount of taxes paid by him, together with interest, costs, and penalties, amounting to $131.97, and that this sum should be paid into the registry of the court by the plaintiffs for the benefit of the defendant. This suit was filed in the same court that rendered the judgment in the tax suit, and in the trial below the court treated this as an action in the nature of a bill of review. The findings of the court are attacked upon the ground that they are not supported by the evidence.

It may be conceded that the evidence did not support the finding that Hetty Venters was not served with proper legal notice of the suit for taxes and the conclusion that the judgment was void because of irregularities attending the prosecution of that suit. But there is another ground, we think, which justifies an affirmance of this judgment. Article 7696 of the Revised Statutes of 1911 provides: "Where lands are sold under the provisions of this chapter, the owner, or any one having an interest therein, shall have the right to redeem said land, or his interest therein, within two years from the date of said sale upon the payment of double the amount paid for the land."

In the case of Rose v. Turner, 117 Tex. 464, 7 S.W.(2d) 70, the Commission of Appeals held that this provision has not been repealed by its omission from the revision of 1925, but was continued in force. The evidence warranted the court in finding as a fact that double the amount paid at the tax sale had been tendered to the appellant on behalf of the appellees within two years from the time of the sale, and that appellant had refused the tender. That tender, if continued, was sufficient to redeem the land from the tax lien. A purchaser at a tax sale, even when the sale is regular and valid, acquires his interest in the property subject to the right of the owner to redeem by complying with the provisions of the statute. Rogers v. Moore, 100 Tex. 220, 97 S. W. 685; Bente v. Sullivan, 52 Tex. Civ. App. 454, 115 S. W. 350, 353. In the last case referred to the court quoted with approval the following from Cooley on Taxation: "The purchaser has no title to the land until the time for redemption has expired. He has consequently no constructive possession of the premises, and no more right to go upon and make use of them than any stranger to the title would have. * * * Redemption gives no new title. It simply relieves the land from the sale which has been made, and this is true whether the redemption is made before the statutory time has expired or by consent of the purchaser afterwards."

The proof in this instance having shown that the owners of the property did all they could to redeem it, that fact warranted the trial court in canceling the tax deed and in rendering the judgment entered in this case. The judgment required the appellees to pay the amount tendered into the registry of the court for the benefit of the appellant.

The judgment is affirmed.