## DRAPER v. VOSS.

### No. 11823.

Court of Civil Appeals of Texas. San Antonio.

June 2, 1948.

Rehearing Denied June 30, 1948.

Strickland, Ewers & Wilkins, of Mission, Rankin & Kilgore, of Edinburg, and Harry L. Hall, of Mission, for appellant.

Oxford & Ramsour, of Edinburg, for appellee.

. NORVELL, Justice.

This is an action of trespass to try title submitted to the court without a jury and judgment rendered for the appellee, the defendant below. Findings of fact and conclusions of law appear in the transcript.

The controlling question in the case is the effect to be given a prior judgment of the court rendered in Cause No. B-14335, styled Moore v. Barrett.

Both parties claim under Henry G. Look.

Voss claims under a regular chain of conveyances, that is, Look to M. P. Moore, Moore to Wade H. Bliss, and Bliss to Geo. E. Voss.

Appellant claims under a judgment ordering a tax lien foreclosure and the sale held thereunder. This tax suit was instituted by the State of Texas and others against H. G. Look. The property was bought in by Hidalgo County as trustee for itself and the other taxing units involved, and thereafter the County conveyed to M. J. Barrett, who in turn conveyed to appellant, Glenn Draper.

In the suit between Moore, appellee's predecessor in title and Barrett, appellant's predecessor in title, judgment was rendered as follows:

"It is therefore, Ordered, Adjudged and Decreed by the court that the plaintiff; J. P. Moore, do have and recover of and from · the defendant, J. M. Barrett, the title to the following described lands, to-wit:

"The South Ten (10) acres of Lot Seven (7) of Section Two Hundred Forty Seven (247) of the Texas Mexican Railway Company Survey of lands in Hidalgo County, Texas, and plaintiff have and recover of and from defendant, J. M. Barrett, the possession thereof as of September 1, 1944, together with the rents and revenues from said date.

"All other relief requested by either party herein is expressly denied, * * *."

This judgment bears no date but was concededly rendered before the period of redemption from the tax foreclosure sale had expired.

Appellant contends that title to the property had not passed to Hidalgo County as trustee or its grantee, Barrett, at the time

this judgment was rendered, because the period of redemption had not expired, consequently, the only judgment which could have been rendered was one in favor of Moore as Look's grantee. Appellant further says that as Moore and no one holding under him redeemed the property from the tax foreclosure sale, Barrett's title came into being at the time of the expiration of the period of redemption and was not barred by the judgment theretofore rendered in Moore v. Barrett. Appellant relies upon Bente v. Sullivan, 52 Tex.Civ.App. 454, 115 S.W. 350; Turner v. Smith, 56 Tex.Civ. App. 1, 119 S.W. 922; McGraw v. Potts, Tex.Civ.App., 27 S.W.2d 550 and similar cases.

Moore, as plaintiff in said Cause No. B–14335, went to trial upon a petition containing two counts. The first was in statutory form. In the second count it was alleged that:

"On or about February 2, 1944, some sort of purported Judgment was rendered in the 93rd District Court of Hidalgo County, Texas, in Cause No. E–2756, styled The State of Texas vs. H. G. Look, et al., which was a suit for taxes in which Hidalgo County Water Control and Improvement District No. 1 and the Edinburg Consolidated Independent School District were Interveners. That such Judgment was void and failed to foreclose any rights of any parties. That on March 4, 1944, some sort of pretended Order of Sale was issued, based on said Judgment and on April 4, 1944, the Sheriff attempted to sell said property to the State and County as Trustee for the State, County, Water District, and School District, under the purported tax judgment. That thereafter, the said J. M. Barrett, by some sort of purported transfer and conveyance, acquired such interest as the taxing units had by virtue of said sale. That on February 5, 1944, the plaintiff J. P. Moore purchased from H. G. Look, the land in controversy, together with the right of redemption and the plaintiff J. P. Moore is now the owner of such land and entitled to the possession thereof.

"That on or about September 1, 1944, Plaintiff took possession of said land by virtue of the conveyance from H. G. Look and has had possession until recently when the said J. M. Barrett, by unlawful threats, intimidation, fraud, has interfered with plaintiff's hired-hands and tenants, as they went about working the property. That the only interest the said J. M. Barrett has in said property is by virtue of some sort of pretended instrument executed by the various taxing bodies under said purported tax foreclosure sale. That plaintiff does not know how much the defendant is entitled to receive by virtue of the money which he paid the State and County for such conveyance, but plaintiff is willing to do equity and here and now tenders to the defendant J. M. Barrett whatever amount the court should determine the defendant is entitled to and under the facts plaintiff says this is the amount which the said J. M. Barrett paid to the various taxing bodies with six percent interest thereon, together with any taxes which the said J. M. Barrett may have paid which was a proper charge against the land less the reasonable rents for the premises during the time the said J. M. Barrett held possession thereof."

In his answer Barrett plead not guilty, denied generally the allegations of the petition and pleaded specially that he had purchased the land described in the petition from Hidalgo County, Trustee, and set forth various sums of money he had paid out in order to discharge tax liens against the property. As to these sums Barrett pleaded that, "if it should be held that Plaintiff has the right of redemption of said land, then that as a condition of such right to redeem, Plaintiff should be required to pay him the amounts so paid since Defendant bought said land as well as to pay the original judgment hereinabove set out, principal, interest, penalties and costs, with 6% interest per annum thereon from the date of said judgment until paid, and unless such sums are paid, he prays that Plaintiff be not permitted to redeem in any event."

■ A judgment that a party recover of and from his adversary the title and possession of real property generally concludes and determines that the losing party has no right, title or interest in and to the property.

■ As a plaintiff is restricted to proof of a legal title or an equitable title under

statutory allegations, a judgment for title and possession based upon a statutory petition does not bar the subsequent assertion of an equitable right, such as a suit to set aside a contract or cancel a deed.

In this case, however, by special pleadings the tax judgment, foreclosure and resultant conveyances were brought under attack, as was the defendant's asserted right to receive certain sums of money upon the assertion that it was necessary for plaintiff to redeem the property by reason of a supposedly valid or colorable tax sale. Consequently, all these matters were adjudicated and settled by the judgment of Moore v. Barrett. Hermann v. Allen, 103 Tex. 382, 128 S.W. 115. The issues raised by the pleadings were broader than the mere question of where the legal title rests during the two-year period prescribed by redemption from tax sales. The validity of the tax sale itself was involved. Under said judgment Moore, appellee's predecessor in title, recovered all right, title and interest in and to the property formerly held by Barrett, appellant's predecessor in title.

The judgment of the trial court is therefore affirmed.