**Robert O. BATEMAN and Shirley B. Bateman, Appellants,**

v.

**G. Larry RICE and Sharon Rice, Appellees.**

No. 07–81–0246–CV.

Court of Appeals of Texas, Amarillo.

June 30, 1983.

Rehearing Denied July 20, 1983.

Jones, Trout, Flygare, Moody & Brown, Jeffrey B. Jones, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellants Robert O. Bateman and Shirley B. Bateman appeal from a summary judgment awarding title to and possession of their home, legally described as

Lot 225, and the East 30 feet of Lot 226, of the Melonie Gardens Addition to the City of Lubbock, Lubbock County, Texas,

to appellees G. Larry Rice and Sharon Rice. The property had been sold by the United States Internal Revenue Service (IRS) pursuant to Title 26 U.S.C. §§ 6331 and 6335 and purchased by the Rices at the tax sale.

Both the Batemans and the Rices filed motions for summary judgment. The ground of the Batemans' motion was that

they had timely redeemed the property. The grounds of the Rices' motion were that the Batemans did not redeem the property within the statutory redemption period and, alternatively, if the statutory period was waived, then the Rices' tender was neither within the extended period nor legally sufficient.

On appeal, the Batemans do not challenge the denial of their motion for summary judgment; they only complain that the granting of the Rices' motion was precluded by the existence of genuine material issues of fact. Agreeing, we reverse and remand.

The Batemans were indebted to the United States for taxes imposed by the Internal Revenue Code and, unable to pay their delinquent taxes in the manner demanded, the IRS advertised their home for sale. Sealed bids were received by the IRS and, of those bids subsequently opened on February 12, 1980, the Rices' bid of $12,001.00, being the highest, was accepted. The full bid price was due and paid on February 15, 1980, at which time a "Certificate of Sale" was issued by the IRS to G. Larry Rice and wife, Sharon Rice.

■■■ The Certificate of Sale stated that a quitclaim deed would be forthcoming if the property was not redeemed within the time prescribed by section 6337 of the Internal Revenue Code's title 26. Section 6337, in pertinent part, provides that:

> The owner of any real property sold as provided in Section 6335 . . . shall be permitted to redeem the property sold . . . at any time within 120 days after the sale thereof. . . . Such property or tract of property shall be permitted to be redeemed upon payment to the purchaser, or in the case he cannot be found in the county in which the property to be redeemed is situated, then to the secretary or his delegate for, the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.

Section 5372 of the Internal Revenue Service Manual provides the date from which the 120-day redemption period is computed. That section states:

> Under IRC 6337, the owners of any real estate sold as provided in IRC 6335 . . . [are] permitted to redeem the property sold . . . at any time within 120 days after the sale. *The date of sale for this purpose is the date the bid is accepted by IRS.* [emphasis supplied].

It seems settled that construction of a statute by the agency charged with the execution and administration thereof is authoritative and should be followed by the courts unless there are clear and compelling reasons that such construction is erroneous. *NYS Dept. of Social Services v. Dublino,* 413 U.S. 405, 421, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973). *See also General Elec. Credit Corp. v. Smail,* 584 S.W.2d 690, 694 (Tex. 1979). Accordingly, since February 12, 1980 was the date the bid was accepted by the IRS, the 120th day would have been June 11, 1980.

On June 16, 1980, at approximately 5:30 p.m., the Batemans tendered to Owen W. McWhorter, Jr., the attorney designated by Larry Rice to receive the redemption payment, $13,162.60 represented by two cashier's checks and ten cents in coin. One cashier's check was made payable to Larry Rice in the sum of $3,162.50, and the other, made payable to R.O. Bateman, M.D. in the sum of $10,000, was endorsed on the back with that name. Shortly thereafter, Mr. McWhorter returned the checks and coin to the Batemans at the instruction of Larry Rice, explaining that Larry Rice said "not to accept the check as the Batemans had not met the deadline set forth."

Notwithstanding that the statutory period for timely redemption expired on June 11, 1980,

> [t]here is nothing in law or in reason which absolutely compels a tax purchaser to stand upon the exact letter of his rights. Although it is entirely optional with him, he undoubtedly may waive a strict compliance with the statutory provisions for redemption if he so chooses.

Thus an agreement between the tax purchaser and the owner, that the latter shall be allowed additional time for redemption is valid and may be enforced ... or purchaser may manifest his waiver of strict compliance by his conduct.

Black on Tax Titles § 354 (2nd Ed.). *See also* Cooley on Taxation (4th Ed.1979); 54 Tex.Jur.2d, *Taxation,* § 201 at 479; *McGraw v. Potts,* 27 S.W.2d 550, 551 (Tex. Civ.App.—Texarkana 1930, no writ); *Bente v. Sullivan,* 52 Tex.Civ.App. 454, 115 S.W. 350 (1909, writ ref'd).

The record is abundant with testimony by way of affidavits that the purchasers, G. Larry Rice and Sharon Rice, were not standing upon the exact letter of their rights. Appellant Shirley Bateman declared in her affidavit

[t]hat on or about May 1, 1980, in a meeting with Larry Rice ... [she] advised Larry Rice that they had the funds available and were ready to redeem their home and asked him to tell her how much he required to be paid. Larry Rice, in response, stated that he was in limbo about the matter and if she would call him after the first of June, he would let her know how much money was due him, that payment was not due until June 15, 1980.

Larry Rice's affidavit states:

On Friday, June 13, 1980, I met with my attorney and asked him to calculate the amount Mr. & Mrs. Bateman would need to pay in order to redeem the house. I tried to contact Mr. & Mrs. Bateman that afternoon at the office of Mr. Bateman. An answering service at his office informed me that I would do better trying to reach them at home. I left my name and number with the answering service, and tried on several occasions during the evening of Friday, June 13, and during the day of Saturday, June 14, to reach them at their home telephone number. Finally, on June 14, 1980, at approximately 6:45 p.m., I called the residence of Mr. & Mrs. Bateman. The phone was answered by their son who informed me that they were not at home.

I then asked the son to have Mr. or Mrs. Bateman call me as soon as they returned and told him that I planned to leave town early the next morning. I instructed the person I was talking to that I was calling about the redemption of the Bateman home and that the amount due was $13,-162.50, and this amount should be paid to my attorney, Owen W. McWhorter, Jr., at his office no later than 12:00 noon on June 16, 1980.

The affidavit of Owen W. McWhorter, Jr., the attorney representing Larry Rice, reads, in part, as follows:

[O]n Friday, June 13, 1980, I met with G. Larry Rice in the law offices of McWhorter, Cobb and Johnson, located at 1502 Avenue Q, Lubbock, Lubbock County, Texas. The purpose of the meeting was to provide Mr. Rice with the redemption amount connected with his purchase at a tax sale of a house owned by Dr. and Mrs. R.O. Bateman. I was meeting with Mr. Rice at the request of Mr. Rice's attorney, D. Wendell Barnett, who shares offices with the law firm of McWhorter, Cobb and Johnson, for the reason that Mr. Barnett was leaving town and had asked me to assist Mr. Rice in connection with the redemption procedure. Up until June 13, 1980, I had never met Mr. Rice. At the meeting with Larry Rice on Friday, June 13, 1980, I was given the Certificate of Sale, and I gave to Mr. Rice the pay off figure which had been provided to me by Mr. Barnett.

And with reference to Larry Rice's declaration of a noon deadline on June 16, 1980, Mr. McWhorter's affidavit states:

At no time during our conversation on this date did Mr. Rice instruct me that there was a deadline of noon on Monday, June 16, 1980, by which time the Batemans were to pay the specified amount in order to redeem their property. Additionally, I had no specific instructions from Mr. Rice that I was not to accept payment later than noon on Monday, June 16, 1980.

On the basis of the above deposition testimony, it is clear that appellees, G. Larry

**954**

Rice and Sharon Rice, have not conclusively established that the time for redemption had expired before the Batemans tendered payment. The evidence would support a factual finding that the period for timely performance, which statutorily expired on June 11, 1980, was extended to and including June 16, 1980.

The Rices contend, however, that even assuming that the period for timely redemption was extended past June 11 to June 16, 1980, there was no valid tender of the redemption amount by appellants at any time on June 16, 1980, as a matter of law. The contention is premised on their theory that they did not agree to accept the tender as made.

The deposition testimony of Larry Rice reveals that on June 14, 1980, he telephoned the Bateman residence and told "the person on the other end of the line" that he "wanted cashier's checks" for the redemption amount. He left instructions to contact Owen McWhorter, Jr. if they wished to redeem. Later, when the Batemans contacted Mr. McWhorter he agreed to accept cashier's checks for the redemption amount. The record makes clear that on June 16 the Batemans tendered to Mr. McWhorter two cashier's checks together with ten (10) cents in coin, which constituted the total amount required to be paid.

In considering the sufficiency of the tender, it is unnecessary to reach the question whether Larry Rice had the right to unilaterally impose the requirement of payment by cashier's checks, for, even granting that right, the evidence does not conclusively establish an insufficiency of tender in that medium. Tender of the redemption price was in the form of cashier's checks as required, except for ten cents, which may be considered a mere trifle in no way effecting the question of proper tender. *See Cowden v. Bell,* 157 Tex. 44, 300 S.W.2d 286 (Tex.1957). There is no evidence that the checks would not have been honored upon presentation. Consequently, the Rices did not establish as a matter of law that the tender was legally insufficient.

Before the Rices were entitled to summary judgment, they were required to conclusively prove all essential elements of their cause of action. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). They failed to do so and are not entitled to the summary judgment rendered.

The judgment is reversed and the cause is remanded.