Rodolfo CEDILLO and Maria Antonia Cedillo, Appellants,

v.

Joseph F. GAITAN, Maria Theresa Gaitan, Uvalde County Appraisal District, Uvalde County Independent School District, and Julia Reyna, Appellees.

No. 04–96–00331–CV.

Court of Appeals of Texas, San Antonio.

Sept. 23, 1998.

Joe M. Davis, Nunley & Jolley, L.L.P., for Appellants.

Rogelio F. Munoz, Uvalde, Phillip M. Hughes, Crawford, Crawford & Hughes, Uvalde, Albert M. Walker, Jr., Law Offices of Albert M. Walker, Jr., Austin, for Appellees.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Rodolfo and Maria Antonia Cedillo appeal the summary judgment against them in their suit to recover two tracts of land sold at a tax sale to Uvalde County Independent School District and later resold by the School District to the Gaitans and the Reynas. We hold the summary judgment evidence conclusively establishes the Cedillos' claim is barred by the limitations provision contained in the applicable version of section 33.54(c) in the Texas Tax Code. As a result, the School District, as "the purchaser at the tax sale," and the Gaitans and Reyna, as "its successors in interest," acquired "full title to the property, precluding all other claims." We therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 1984, the Appraisal District sued the Cedillos for delinquent taxes on two tracts of land in Uvalde, Texas. A default judgment foreclosing the involved taxing units' liens was rendered in November 1986, and the district clerk thereafter issued an Order of Sale commanding the Sheriff or any constable of Uvalde County "to sell [each of said tracts of land] ... separately, to the highest bidder for cash as under Execution. . . .." The Order of Sale prohibited a sale "to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party, other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value of the property or the aggregate amount of the judgment against the property in said suit. . . ."

The Sheriff's Return shows only the School District bid on the two tracts at the April 7, 1987 sale, and the affidavit of the School District's superintendent establishes the district "paid" the amount of taxes stated in the order of sale. After the sale, the Cedillos did not exercise their right to redeem the property and, in November 1989, the School District sold Tract 1 to the Gaitans and Tract 2 to the Reynas.

On January 24, 1990, the Cedillos filed a trespass to try title suit against the Gaitans. The Cedillos' petition alleged the sale was fatally defective because (1) the Appraisal District was not authorized to file the delinquent tax suit; (2) the default judgment awarded $6,975.50, while the order of sale reflected the taxes due were $7,754.25; and (3) the two tracts were not sold separately, as required by the order of sale. As a result, the Cedillos alleged, title did not pass to the School District, and it could not convey title to the Gaitans. Cross-motions for summary judgment were filed, and the trial court denied the Cedillos' motion and granted the Gaitans'. The Cedillos appealed, and this court reversed, holding the implied contract between the Appraisal District and the Uvalde County taxing units authorized the District to file the suit, and the difference between the amount of taxes awarded in the judgment and the amount of taxes stated to be due in the order of sale did not render the sale invalid. *Cedillo v. Gaitan*, No. 04–92–00171–CV, slip op. at 5–8 (Tex.App.—San Antonio, Nov. 25, 1992, no writ) (not designated for publication). Nonetheless, this court reversed the trial court's judgment, stating:

> Where, however, the judgment and the order of sale failed to authorize the sale the sheriff undertook, no title passes. *Nagel [v. Taylor*, 275 S.W.2d 561, 562 (Tex. Civ.App.-San Antonio 1955, writ dism'd) ]; *Volunteer Council of Denton State School, Inc. v. Berry*, 795 S.W.2d 230, 238 (Tex. App.-Dallas 1990, writ denied). Since the sheriff did not sell the two tracts of land separately, there was a fatal variance between the judgment and order of sale, as well as the sheriff's return. The order of sale was not followed; therefore, the sale was without authority and title did not pass. There is, as a result, a genuine issue of a material fact, and summary judgment was improperly granted. We sustain point of error three.

*Id.* at 8. As reflected in this excerpt, however, this court did not render judgment in the Cedillos' favor, as they requested. Rather,

in light of its holding that a genuine issue of material fact was presented, this court's November 25, 1992 mandate reversed the trial court's judgment and remanded the cause for a new trial. No limitation on the remand was expressed in the court's opinion or in its mandate.

On remand, the Cedillos and the Gaitans again moved for summary judgment. The Cedillos also filed an amended petition joining as additional defendants the Appraisal District, the School District, and Julia Reyna, who was recently widowed. These additional defendants also moved for summary judgment, which the trial court granted. The Cedillos have again appealed.

## LAW OF THE CASE

Several of the parties' arguments rely on this court's opinion in the Cedillos' first appeal. We must therefore determine what effect, if any, to be given our previous opinion.

■ As a general rule, "[w]hen we remand a cause to the trial court for a new trial, the remand generally is unlimited in scope and the cause is reopened in its entirety." *University of Texas Sys. v. Harry*, 948 S.W.2d 481, 483 (Tex.App.—El Paso 1997, no writ). However, if the law of the case doctrine is applied, "questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). But the doctrine "does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved on the first trial." *Id.* Accordingly, a "critical factor" in determining the effect to be given a prior opinion is whether the prior appeal involved the review of a summary judgment. *Id.* In *Hudson*, for instance, the supreme court refused to give binding effect to its resolution of a question of law in the first appeal because an issue not presented in that appeal was properly raised and decided by a jury on remand, and this issue effectively mooted the question of law decided in the first appeal. *Id.* at 631.

■ As in *Hudson*, our opinion in the Cedillos' first appeal did not address a dispositive issue properly raised and decided on remand—limitations. Therefore, for the reasons discussed in *Hudson* and in accordance with its holding, we decline to give our previous opinion binding effect in this appeal.

## SCOPE AND STANDARD OF REVIEW

■ We review a summary judgment *de novo*. Accordingly, when cross-motions for summary judgment are filed, we consider the evidence supporting both motions. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). We uphold a Rule 166a(c) summary judgment only if the summary judgment record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX.R. CIV. P. 166a(c); *e.g., Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in its favor. *Id.* Here, the parties agree there is no genuine issue of material fact, and the sole question presented is which parties are entitled to judgment as a matter of law.

## DISCUSSION

■ The rights acquired under a tax sale are to be determined by the law in force at the time of the sale. *Bente v. Sullivan*, 52 Tex.Civ.App. 454, 115 S.W. 350, 353 (Austin 1909, writ ref'd). At the time of the sale to the School District, section 34.01(d) required the officer making a tax sale to "prepare a deed to the purchaser of real property at the sale or to any other person whom the purchaser may specify" and further provided: "The deed vests good and perfect title in the purchaser or his assigns to the interest owned by the defendant in the property subject to the foreclosure, subject to the defendant's right of redemption. The deed may be impeached only for fraud." TEX. TAX CODE ANN. § 34.01(d) (Vernon 1987) (amended 1989) (current version at TEX. TAX CODE

ANN. § 34.01(d) (Vernon 1992 & Supp.1998)). Additionally, with an exception not applicable here, section 33.54 provided:

> (a) [A] cause of action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action commences within three years after the deed executed to the purchaser at the tax sale is filed of record.
>
> . . . .
>
> (c) When actions are barred by this section, the purchaser at the tax sale or his successor in interest shall be held to have full title to the property, precluding all other claims.

TEX. TAX CODE ANN. § 33.54 (Vernon 1987) (amended 1997) (current version at TEX. TAX CODE ANN. § 33.54 (Vernon Supp.1998)).

The summary judgment proof establishes the School District purchased Tracts 1 and 2 at the sheriff's sale; the deed it received for the properties was recorded on April 24, 1987; the Cedillos did not exercise their right to redemption; and they did not file suit against the School District until April 22, 1993—more than six years after the School District recorded its deed. The appellees thus argue the summary judgment evidence conclusively establishes the Cedillos' suit against them is barred as a matter of law. In response, the Cedillos argue the appellees are not entitled to invoke section 34.01 or the section 33.54 limitations provision because they failed to prove the tax deeds were valid. In support of their argument, the Cedillos cite *Volunteer Council of Denton State Sch., Inc. v. Berry,* 795 S.W.2d 230 (Tex.App.—Dallas 1990, writ denied). We are not, of course, bound by *Berry.* However, as far as our research has revealed, *Berry* is the only opinion dealing with the issue presented by the Cedillos, and we relied on it in our opinion in the Cedillos' first appeal. We therefore believe *Berry* merits full discussion and consideration.

The dispute in *Berry* centered upon eleven and one-half acres in rural Dallas County, which had been "actually, exclusively, and peaceably possessed" by Murdine Berry since the mid–1970s. *Id.* at 236–37. However, during Berry's possession, she failed to

pay the taxes due, and the tract was sold at a July 6, 1976 tax sale to John L. Dawson, Sr. and John L. Dawson, Jr. *Id.* at 237. The Dawsons recorded their deed on July 29, 1976 and later quitclaimed their interest in the property to the Council. *Id.* On July 16, 1985, Berry filed a trespass to try title suit against the Council. *Id.* The Council admitted it had never used the property, but it claimed record title by virtue of the Dawson's tax deed and sections 34.01 and 33.54. *Id.* at 237–39. The trial court ruled Berry had established title through her unabandoned prior possession and the ten-year adverse limitations statute and therefore instructed a verdict in her favor. *Id.* at 232.

On appeal, the Council argued its tax deed constituted sufficient evidence of title under section 34.01 to entitle it to assert the limitations provision contained in section 34.54. *Id.* at 239. The Fifth Court of Appeals disagreed, holding "[t]he benefit afforded by [section 33.54] only comes into play when the deed proponent has complied with the law; it does not dispense with the need to prove compliance." *Id.* at 239. The court based its holding on its "study of the prior and present versions of section 34.01(d)," its conclusion that the present version of section 34.01(d) was not significantly different from the version interpreted by the supreme court in *Wright v. Vernon Compress Co.,* 156 Tex. 474, 478, 296 S.W.2d 517, 520 (1956), and its interpretation of *Wright* as requiring a tax deed proponent to "demonstrate that the seller had authority to dispose of the property and that the seller complied with applicable statutory provisions." *Berry,* 795 S.W.2d at 239. We believe this reasoning is flawed in at least two respects.

First, we disagree with the *Berry* Court's interpretation of *Wright,* in which the issue presented was whether the tax deed constituted prima facie proof of the city's levy of the tax. *Wright,* 296 S.W.2d at 521. The underlying theory upon which the *Wright* Court based its opinion was that a tax deed could not affect title "[i]ndependent of constitutional or statutory law." *Id.* 296 S.W.2d at 520. The court thus held the tax deed in that case was not evidence of the levy because the statute did not make it so:

[The statute] provides what facts shall be established prima facie by the deed when admitted in evidence, and what facts shall be conclusively established thereby, and in neither class is the levy of taxes included. There is no express provision that the deed should be proof of the levy of the taxes, but it is excluded by the mention of other things, and no implication of an intention of the legislature to so provide can arise out of the language used.

*Id.* 296 S.W.2d at 521 (quoting *Earle v. City of Henrietta*, 91 Tex. 301, 43 S.W. 15, 17 (1897)). In short, the *Wright* Court did not question the legislature's power to declare the effect to be given a tax deed; it simply determined the legislature had not exercised its power to make the tax deed proof of a tax levy by a municipality.

Furthermore, the version of section 34.01 at issue in *Berry* and this case is not substantially similar to the version at issue in *Wright*. In *Wright*, the challenged sale followed the City of Vernon's foreclosure of its tax lien, and the sale occurred in 1892; therefore, the supreme court interpreted the original 1875 version of the statute applicable to cities. *See Wright*, 296 S.W.2d at 520–21. *See id.* 296 S.W.2d at 522 (holding the purchaser could not avail itself of provisions that were not enacted until 1897). The 1875 version of the statute did not declare that a tax deed vests "good and perfect title in the purchaser," as section 34.01 does; rather, the version of the statute at issue in *Wright* made a tax deed prima facie evidence of some facts and conclusive evidence of others. Act of January 12, 1875, 14th Leg., 2d R.S., ch. 100, § 100, 1875 Tex. Gen. Laws 113, 140;[1] *Wright*, 296 S.W.2d at 521. Indeed, under this version of the statute, to obtain "full and absolute title," the purchaser at a tax sale was required to wait until the two-year period for redemption expired and then apply to the district court for a "decree of confirmation." Act of January 12, 1875, 14th Leg., 2d R.S., ch. 100, § 104, 1875 Tex. Gen. Laws 113, 143. Moreover, unlike section 34.01, the 1875 statute at issue in *Wright* did not contain a limitations period. *See id.*

Finally, we believe the Dallas Court of Appeals' discussion of section 34.01 is dicta. As indicated in the court's opinion, Berry conclusively established she met the requirements for title under the ten-year adverse limitations statute. *See and compare Berry*, 795 S.W.2d at 237 (since the mid–1970s Berry had fenced the property, grazed cattle and grew hay on it, and had "actually, exclusively, and peaceably possessed [it]") *with* TEX. CIV. PRAC. & REM.CODE ANN. §§ 16.026, .030 (Vernon 1986) ("To recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property," suit must be filed not later than ten years after the date cause of action accrues. If trespass to try title suit is barred, person who holds property has full title.). Accordingly, Berry was entitled to recover the property even from one who held record title. As a result, the validity of the Volunteer Council's tax deed was immaterial.

What was material in *Berry* was the court's interpretation of the limitations provision contained in section 33.54—a provision that was not considered in *Wright* or in any supreme court opinion since *Wright*. However, we are not without guidance. The Texas Legislature has directed that "[t]he Code Construction Act (Chapter 311, Government Code) applies to the construction of each provision of [the Tax Code] except as otherwise expressly provided...." TEX. TAX CODE ANN. § 1.03 (Vernon 1992). Under the Code Construction Act, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage," bearing in mind "the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. §§ 311.011(a), 312.005 (Vernon 1988); *see Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998).

The version of section 34.01 governing the State of Texas and Texas counties was first enacted in 1895. Act of April 13, 1895, 24th Leg., R.S., ch. 42, § 8, 1895 Tex. Gen. Laws 50; 52. Unlike the municipal version discussed in *Wright*, the state-county version of

---

1. The Act of January 12, 1875, was enacted before the current system of legislative sessions was instituted by the 1876 Constitution. In 1875, the Texas Legislature held two regular sessions. This act was enacted during the second session, which lasted from January 12 to March 15, 1875.

the statute did not simply declare the evidentiary effect of a tax deed; instead, it provided that a tax deed "shall be held in any court of law or equity in this State to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud." *Id.* § 8. Substantially similar language is continued in the version of the statute that applies in this case and in the current version of the statute. *See* TEX. TAX CODE ANN. § 34.01(d) (Vernon 1987) (amended 1989) (current version codified at TEX. TAX CODE ANN. § 34.01(d) (Vernon 1992 & Supp.1998)).

In 1977, however, the Texas Legislature enacted the limitations provision that is now contained in section 33.54. Tex. H.B. 1830, 65th Leg., R.S. (1977). As originally enacted, the statute provided:

(a) No cause of action or defense may be asserted or maintained on a claim respecting any land sold for delinquent taxes at a tax sale pursuant to a judicial foreclosure of a tax lien, unless the cause of action or defense is asserted in an action commenced within three years after the filing of record of the deed executed to the purchaser at the tax sale.

. . . .

(d) When an action for recovery of real property is barred by the provisions of this Act, the purchaser at the tax sale or his successor in interest shall be held to have full title to the land, precluding all other claims.

*Id.* It is the 1987 version of this statute, codified without substantive revision in section 33.54 of the Tax Code, that governs this appeal. TEX. TAX CODE ANN. § 33.54 (Vernon 1987) (amended 1997) (current version at TEX. TAX CODE ANN. § 33.54 (Vernon Supp. 1998)); *see* TEX. GOV'T CODE ANN. § 323.007(b) (Vernon 1988) (Texas Legislative Council "may not" "alter the sense, meaning, or effect of the statute" under revision).

Our review of the language and history of sections 34.01 and 33.54 reveals no reason to interpret section 33.54 other than as it was written and enacted by the Texas Legislature. We therefore hold the Cedillos' suit against the Districts and their successors in interest, the Gaitans and Reyna, is barred because it was not filed within three years of the date the School District recorded its deed. TEX. TAX CODE ANN. § 33.54(a) (Vernon 1987) (amended 1997) (current version codified at TEX. TAX CODE ANN. § 33.54(a) (Vernon Supp.1998)). Consequently, we affirm the trial court's judgment.