

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 26, 1993.

Honorable Ben Campbell
Chairman
Committee on County Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-216

Re: Whether a school district's purchases of gasoline for use by an independent contractor in the provision of transportation services for the school district are exempt from the gasoline tax (RQ-497)

Dear Representative Campbell:

You have requested our opinion regarding the state tax "on the first sale or use of gasoline in this state." Tax Code § 153.101(a). The tax law provides an exemption from the taxation for fuel sold "to a public school district in this state for its exclusive use." *Id.* § 153.104(7). You ask whether a Texas school district that contracts with a private transportation company to provide school bus service may avoid the state gasoline tax by directly purchasing the fuel to be used in the private buses in the provision of such service.

In Attorney General Opinion No. JM-1158 (1990), this office construed the statutory exception from taxation contained in section 153.104(7) to mean

> that gasoline purchased by a school district or by the agent of a school district for the exclusive use of a school district will be exempt from the reach of the tax. Gasoline purchased by an independent contractor that performs services for a school district, however, will not be exempt from the reach of the tax.

*Id.* at 1-2. We did not reach in that opinion the situation in which the school district purchases gasoline and provides it to an independent contractor who uses the gasoline in the performance of services for the school district. Such a situation would literally be a sale "to a public school district in this state," Tax Code § 153.104(7); but would it be a sale "for [the] exclusive use," *id.*, of the school district?

The Comptroller of Public Accounts has adopted the following regulation defining "exclusive use" as that phrase is used in subsection (7):

> Definition. The term "exclusive use" by a school district means fuel purchased by a school district and used only in motor vehicles or other equipment:
>
> (A) owned and operated by the district; or

p. 1138

(B) dedicated for the exclusive and sole purpose of providing transportation services for the school district by means of a contract between the school district and the owner or operator of the motor vehicles.

34 T.A.C. § 3.173(14). The comptroller's definition includes gasoline used in vehicles owned and operated by independent contractors so long as the gasoline (1) is purchased directly by the school district and (2) is used only for providing transportation services for the school district.

The comptroller adopted the above-quoted amendment to section 3.173 of the Texas Administrative Code pursuant to authority delegated by the legislature in section 111.002 of the Tax Code. The comptroller proposed the amendment, 16 Tex. Reg. 5720 (1991), and made it final, *id.* at 6756, in accordance with the Administrative Procedure and Texas Register Act, V.T.C.S. art. 6252-13a. The comptroller thus promulgated the regulation pursuant to delegated authority and in accordance with the procedural requirements.

The comptroller's construction of *exclusive use* is reasonably consistent with the purpose of the statute. Subsection (7) was added in a House floor amendment to Senate Bill 417 in the 71st Legislature. H.J. of Tex., 71st Leg., at 2422 (1989). In proposing the amendment, Representative Culberson stated its purpose to be to "help school districts offset the costs of transportation under [S.B. 417]." Debate on S.B. 417 on the Floor of the House of Representatives, 71st Leg. (May 25, 1989) (tape recording available from House Committee Coordinator).

We believe that a court would defer to the comptroller's construction because there are no "clear and compelling reasons" to conclude that the administrative construction is erroneous. "Construction of a statute by the agency charged with the execution and administration thereof is authoritative and should be followed by the courts unless there are clear and compelling reasons that such construction is erroneous." *Bateman v. Rice*, 653 S.W.2d 951, 952 (Tex. App.--Amarillo 1983, writ ref'd n.r.e.).

We conclude that the school district exemption from the gasoline tax applies to gasoline purchased directly by a school district and used by independent contractors solely for the provision of transportation services to the district.

## S U M M A R Y

The school district exemption from the gasoline tax, Tax Code section 153.104(7), applies to gasoline purchased directly by a school district and used by independent contractors solely for the provision of transportation services to the district.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General