Norma NAGEL et al., Appellants,

v.

Henry Lee TAYLOR, Appellee.

No. 12818.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 26, 1955.

Rehearing Denied Feb. 23, 1955.

L. D. Hill, San Antonio, Pritchett Harvey, Houston, for appellant.

Henry Lee Taylor, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

Appeal from Bexar County.

This suit was instituted in the District Court of Bexar County, Texas, by Henry Lee Taylor against Norma Nagel, her husband, G. H. Nagel, and the unknown heirs of Martin Nagel, in trespass to try title, seeking to recover title and possession of Lot No. 20, Block 4, NCB 3858, in Narcissa Place, within the corporate limits of the City of San Antonio. The trial was before the court without a jury and resulted in a judgment in favor of plaintiff, and Norma Nagel, joined by her husband, G. H. Nagel, has prosecuted this appeal.

The parties agreed upon Norma Nagel as the common source of title. Appellee undertook to prove a tax title by showing that the City of San Antonio had acquired said Lot No. 20 by Sheriff's Deed, based on an order of sale issued upon judgment rendered in tax suit No. C–11551, in the 37th District Court of Bexar County, and that the City of San Antonio had conveyed its title to him. The judgment and the Sheriff's Deed were introduced in evidence, but the order of sale could not be found and was therefore not introduced.

Appellant's point is that the trial judge erred in presuming that the Sheriff sold the two parcels of land foreclosed upon in tax suit No. C–11551, separately, as provided for in the judgment, when the order of sale did not direct him to do so, and his deed only recited that both parcels of land were sold for a consideration of $801. One of these two parcels of land is the lot here involved.

 Appellee testified that he saw the order of sale before it was misplaced and that it did not order the Sheriff to sell separately the two lots covered by the judgment. This testimony was emphatic and given without any objection on the part of appellee and is undisputed. We must therefore accept as true that the order of sale did not order the lots sold separately. Thus the order of sale was at variance with the judgment and therefore fatally defective. The order of sale must be based upon the judgment, and if it is not supported by the judgment it is issued without authority and is void. Lindley v. Mowell, Tex.Civ.App., 232 S.W.2d 256. The judgment ordered the two lots sold separately and the order of sale should have so provided. Whether the lots are to be sold separately or in solido is a matter that cannot be cast aside as being immaterial. Rotge v. Murphy, Tex.Civ. App., 198 S.W.2d 932.

In Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 942, 84 A.L.R. 319, the Supreme Court, speaking through Greenwood, J., had this to say:

"Nothing is better settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and the order of sale fail to authorize such a sale as the sheriff undertook to make, no title passes thereby. Trevino v. Fernandez, 13 Tex. [630] 667; Tudor v. Hodges, 71 Tex. 392, 9 S.W. 443; Rule v. Richards (Tex.Civ.App.) 159 S.W. 386, 389, 390; Id. (Tex.Com. App.) 207 S.W. 912."

The order of sale was not introduced here, having been lost, but the undisputed proof is to the effect that there was a fatal variance between the judgment and the order of sale.

 Here appellee is relying upon a tax title and therefore the burden was upon him to prove a valid tax title. 40 Tex.Jur. 278, § 207. The proof shows just the opposite.

In Snell v. Knowles, Tex.Civ.App., 87 S.W.2d 871, 880, the Court said: "A sheriff's sale made under an order of sale, which order of sale was not authorized by the judgment, passes no title to the purchaser."

It is true that in Rotge v. Murphy, supra, we held that when the judgment and order of sale both ordered the property sold in parcels, in the absence of proof to the contrary, we would presume that the sheriff did his duty and so sold the property, but under the facts in this case the trial court erred in presuming that the lots were sold separately by the sheriff when the order of sale did not order him to do so.

In Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569, 570, the Court said:

"The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him."

Accordingly, the judgment of the trial court is reversed and judgment here rendered that appellee take nothing.