**W. H. STARK, Appellant,**

v.

**Charlie STEFKA, Appellee.**

No. 11963.

Court of Civil Appeals of Texas, Austin.

Feb. 28, 1973.

Cicily Simms, Travis County, Legal Aid & Defender Society, Austin, for appellant.

Mary Wilkov, Brooks Holman, Austin, for appellee.

O'QUINN, Justice.

Charlie Stefka, appellee, brought this suit in trespass to try title to recover a small rural tract of land in Travis County from W. H. Stark, who lived on the land. The case was tried before the court without intervention of a jury in January of 1972, and on February 16 the court entered judgment for Stefka, plaintiff.

At the trial plaintiff introduced a sheriff's deed to plaintiff, an order of execution, and proof of advertisement of the sale, but did not introduce the judgment, upon which the order issued, in proof of the sheriff's power to sell.

Stark filed a motion for new trial setting up his claim of homestead in the prop-erty existing at the time of execution, sale, and making of the deed, and taking the position that the judgment in favor of Stefka was not supported by sufficient evidence justifying execution and levy on the homestead.

The trial court overruled the motion for new trial March 30, 1972, noting in the order Stark's notice of appeal. After Stark had perfected his appeal and the cause had been set for submission and oral argument in this Court, Stefka filed a motion in the trial court to reopen evidence pursuant to Rule 270, Texas Rules of Civil Procedure, seeking to introduce the judgment under which the sheriff's sale and deed were made. Stark also filed a motion offering to prove his claim of homestead. The trial court overruled both motions, and supplemental transcript of these proceedings has been filed in this Court.

Stark was represented by counsel at the trial which resulted in judgment awarding the land to Stefka. Stark was not present, and upon learning that judgment had been entered against him, Stark sought the aid of attorneys in the Travis County Legal Aid and Defender Society, who timely filed a motion for new trial and have represented Stark since that time in this case.

The record shows that Stark's counsel at the trial of his cause made a brief statement to the court in which he asserted that he had notified Stark of the hearing but had not heard from him and could not account for Stark's absence. Counsel offered no evidence in behalf of Stark, did not object to the introduction of any evidence by Stefka, and asked only one question of a witness for Stefka. Counsel on *voir dire* asked the deputy sheriff who supervised the sheriff's sale " . . . whether you [the witness] or anyone else from your office made any determination as to whether or not this property you were selling was exempt property or not?" The witness replied, "Our department did not."

On appeal Stark seeks reversal of the trial court's judgment and remand of the cause on two grounds. Appellant contends that the judgment is void because the sheriff's deed, in the absence of proof of the judgment and writ issued thereon by which the sheriff made the sale, is insufficient to show title in Stefka. Appellant also contends that the trial court abused its discretion in not granting a new trial upon the ground that the court could not properly determine validity of the forced sale of the homestead because there was insufficient evidence to justify the execution and levy.

■ In bringing suit in trespass to try title, Stefka assumed the burden of offering proof upon which he might recover on the strength of his own title. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961). Stark answered by general denial only, but the general denial put Stefka upon proof of his right to recover the land. Harlan's Heirs v. Haynie, 9 Tex. 459, 462 (1853). It is basic and well established that the execution of a deed by an agent, such as the sheriff in this case, must be upon authority, and the deed is inoperative without proof of power to sell. The judgment and the execution must be proved to show such power in the sheriff. Wofford et al. v. McKinna, 23 Tex. 36, 43 (1859). Recitals in the deed of such power do not have the effect of proving the power to sell. Richards v. Rule, 207 S.W. 912, 914, Tex.Comm.App., jmt. adptd. (1919); Atkinson v. Citizens' State Bank of Giddings, 221 S.W. 998 (Tex.Civ.App. Austin 1920, no writ).

■ Stefka offered no proof of a judgment to show the sheriff's power to sell the land and to make the deed under which Stefka claimed title. In his motion for new trial Stark did not assign the lack of such proof as error, and the issue was raised for the first time in his brief on appeal. Stark was entitled to appeal without filing a motion for new trial, and having filed a motion Stark is not limited on appeal to the assignments set out in the motion for new trial. Glasgow v. Hurley, 333 S.W.2d 658, 663 (Tex.Civ.App. Dallas 1960, no writ); Hoge v. Lopez, 394 S.W. 2d 816, 817 (Tex.Civ.App. San Antonio, 1965, no writ).

We sustain Stark's assignment that Stefka failed to make such proof of his title as will support the judgment, and upon reversing the judgment will remand the cause for new trial. In view of our disposition of this point we do not reach the contention that the trial court abused its discretion in overruling Stark's motion for new trial.

Nor do we consider for any purpose the proceedings contained in the supplemental transcript with respect to motions filed under Rule 270. The trial court correctly overruled the motions seeking to offer additional evidence. The trial court's jurisdiction had ended, and the cause was pending in this Court at the time the motions were filed. Texas Employers' Insurance Association v. Elder, 155 Tex. 27, 282 S. W.2d 371, 375 (1955); Republic National Bank v. Fredericks, 155 Tex. 79, 283 S.W. 2d 39, 48 (1955); Carroll v. Lee, 451 S. W.2d 766, 768 (Tex.Civ.App. Texarkana 1970, writ ref. n.r.e.).

We conclude that appellee failed to prove record title in himself; therefore, the judgment must be reversed. We are of the opinion that the evidence was not fully developed in behalf of either party, and that the ends of justice require that the judgment be reversed and the cause be remanded for further proceedings.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.