**Ali SANI, Individually and d/b/a Pyramid Realty, and Fatemeh Sadat Bassampour, Individually and d/b/a Pyramid Realty, Appellants,**

v.

**John Warren POWELL and L. Annette Powell, Appellees.**

No. 05–03–00466–CV.

Court of Appeals of Texas, Dallas.

Jan. 26, 2005.

Alan L. Busch, Todd Alan Hoodenpyle, Gerard Singer & Levick, P.C., Addison, for Appellants.

Mark Asher Weisbart, James S. Brouner, Kessler & Collins, P.C., Dallas, for Appellees.

Wayne B. Ames, McKinney, Intervener.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Appellants Ali Sani and Fatemeh Sadat, individually and d/b/a Pyramid Realty ("Sani"), purchased land belonging to appellees John Warren Powell and L. Annette Powell ("Powell") at a tax foreclosure sale. Shortly thereafter, Sani received and recorded a tax deed for the property. Sani appeals from a summary judgment declaring void the tax sale and deed which conveyed Powell's property to him.

Sani raises one issue in which he claims the trial court erred in failing to conclude that the two-year statute of limitations provided in section 33.54 of the Texas Tax Code[1] barred Powell from bringing the underlying action.[2] Powell asserts that section 33.54 does not apply because his intervening bankruptcy and the automatic bankruptcy stay rendered the tax sale and deed invalid. Alternatively, Powell asserts that Sani did not present the trial court with facts necessary to support his right to invoke the section 33.54 limitations. Powell argues that the record does not reflect statutory "compliance," i.e., that the tax sale was duly authorized by court order, the method of sale was as ordered by the court, and the terms of sale were as ordered by the court. In one cross issue, Powell contends the trial court abused its discretion in denying Powell's claim for

attorney's fees under the Texas Declaratory Judgments Act.[3] Intervenor Wayne B. Ames, Powell's former counsel, joins in support of Powell's cross point. For the reasons set forth below, we affirm.[4]

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a tax sale of Powell's residence and real property located in McKinney, Texas (the "Property"). On May 20, 1996, the Property was scheduled for a tax sale to take place on December 2, 1997 (the "Tax Sale"). The sale was to satisfy unpaid ad valorem taxes owed to the McKinney Independent School District ("MISD") and Collin County (together, the "Taxing Authorities"). On December 1, 1997, Powell filed a petition seeking relief under chapter 11 of the Bankruptcy Code in order to protect his property from the impending Tax Sale. See 11 U.S.C.A. § 301 (West 2004). The filing of this petition triggered an automatic stay pursuant to chapter 11, section 362. However, the Taxing Authorities did not receive notice of Powell's bankruptcy filing until after the sale. The Tax Sale was conducted as scheduled on December 2, 1997. Sani purchased the Property at this Tax Sale. On December 15, Powell's counsel, Wayne Ames, contacted MISD's counsel, Howard Steen, and discussed setting aside the Tax

---

1. TEX. TAX CODE ANN. § 33.54 (Vernon 2001).

2. "Anticipating Powell's argument on this subject," Sani devotes a substantial portion of his briefs to addressing the merits of the summary judgment. However, Sani does not direct this Court to any trial court error on these points, stating that argument on the merits "does not bear on [his] issue in this appeal." Therefore, Sani presents nothing for review concerning the merits of Powell's claim. See TEX.R.APP. P. 38.1(e).

3. TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 2002)

4. The dissent would reverse and remand for further proceedings based upon the conclusion that a material issue of fact bars Powell's summary judgment. However, the dissent does not address the precise point raised by Sani. Sani claims we should reverse and render summary judgment in his favor since, in his view, section 33.54 bars Powell's claims. Sani does not claim a fact issue exists, only that his proof shows, as a matter of law, that limitations bars the claims against him. Accordingly, we address only the point raised on appeal.

Sale because of the bankruptcy filing. On December 18, Sani recorded the tax deed ("Deed").

On August 22, 2000, almost three years after the Tax Sale, Powell filed the underlying lawsuit seeking to remove cloud from title, quiet title, cancel the Deed, and recover unspecified damages and attorney's fees. Also, in his original petition, Powell asserted that (1) on December 4, 1998, he redeemed the Property pursuant to section 34.21 of the Texas Tax Code, and (2) since the time of the purported transfer to Sani, Powell remained in possession of the Property, openly, notoriously, and adversely to Sani. In response, Sani filed an original counterclaim asserting trespass to try title, wrongful institution of civil proceedings, and seeking declaratory relief that Powell failed to redeem the Property.

In April 2001, Sani moved for summary judgment in favor of all his claims and denying Powell's claims. Powell then moved for summary judgment in favor of his redemption cause of action. A June 6, 2001 order granting Sani's motion and denying Powell's motion was later set aside and a new trial granted.[5] Subsequently, Powell filed a second amended petition in which he sought only declaratory relief on the same grounds set out in the original petition and that he was entitled to attorney's fees under the Declaratory Judgments Act.

In October 2001, Powell filed a motion for summary judgment on a single ground, that the automatic stay triggered by Powell's December 1 bankruptcy filing voided the Tax Sale and invalidated the Deed. Sani filed an amended answer asserting numerous affirmative defenses disputing the availability of bankruptcy protection for Powell and that Powell failed to effectively redeem the Property under section 34.21. Sani filed a first amended counterclaim reasserting his original counterclaims and adding claims for prejudgment interest and declaratory relief declaring that the Tax Sale and Deed were valid. Ames, Powell's first attorney in this action, intervened in the case in order to secure his attorney's fees. Ames filed a motion for summary judgment on this claim.

As directed by the trial court, Sani filed a supplemental response to Powell's motion for summary judgment and Powell filed a supplemental brief in support of his motion for summary judgment. In October 2002, the trial court granted Powell's motion for summary judgment and denied both Sani's and Ames's motions for summary judgment. The trial court denied all of Sani's causes of action and affirmative defenses. Further, the judgment declared the Property vested in Powell, the Tax Sale void, and the Deed invalid. Finally, the judgment ordered that the sole remaining issue for trial was whether Powell was entitled to attorney's fees under the Declaratory Judgments Act. In January 2003, the trial court granted judgment in favor of Sani and against Powell on the issue of attorney's fees and concluded that "[a]ll other relief requested in this case not expressly granted is hereby denied." This appeal followed.

5. This order does not appear in the record provided to this Court. However, the parties' pleadings and a letter from the trial court dated December 17, 2001, indicate that on June 25, the trial court announced its intention to set aside the summary judgment and grant a new trial. The parties' pleadings and a docket entry indicate a formal order to this effect was signed on January 4, 2002. On August 29, 2002, the trial court signed a second summary judgment order. Because the record does not indicate a contrary intent, we presume the second judgment vacated the June 6, 2001 judgment. *See Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 39–40 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

## STANDARD OF REVIEW

The standards for reviewing a traditional summary judgment are well-established. *See Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Willrich,* 28 S.W.3d at 23–24. If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979).

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id.*

## STATUTE OF LIMITATIONS

■ In his sole issue on appeal, Sani argues that the trial court erred in granting summary judgment in favor of Powell because Powell's underlying claim was barred by the limitations provision in the Texas Tax Code. *See* Tex. Tax Code Ann. § 33.54 (Vernon 2001). Sani contends that section 33.54 bars Powell's action because Powell brought his action to clear title more than thirty-one months after Sani recorded the Deed. *See id.* This was outside the two-year time period allowed by the statute. *See id.*

■ Typical of statutory limitations provisions, the section 33.54 bar applies only to certain claims, under specific circumstances. *See id.; Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex.2003) (reciting requirements for barring actions under Texas Insurance Code and Deceptive Trade Practices Act); *Martin v. Cadle Co.,* 133 S.W.3d 897, 904–06 (Tex.App.-Dallas, 2004, pet.denied) (analyzing requirements for invoking three-year adverse possession limitations and four-year limitations on wrongful foreclosure actions); *Liles v. Phillips,* 677 S.W.2d 802, 807 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.) (analyzing whether four-year limitations under DTPA or two-year tort limitation applies to action for legal malpractice). A statute of limitations plea is an affirmative defense. Tex.R. Civ. P. 94. Thus, the defendant has the initial burden to show that it is entitled to invoke the particular bar. *Love v. State Bar of Tex.,* 982 S.W.2d 939, 943 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (citing *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988)).

Powell argues that Sani failed to demonstrate that he is entitled to invoke the section 33.54 bar and cites us to *Volunteer Council of Denton State School, Inc. v. Berry,* 795 S.W.2d 230, 239 (Tex.App.-Dallas 1990, writ denied). Powell claims that under *Berry,* a proponent of the section 33.54 limitations bar has the burden to show authority to sell and statutory compliance by the offer and admission into evidence of the decree of foreclosure and order of sale as well as the tax sale deed, i.e., a prima facie claim to title pursuant to the tax deed. It is Powell's position that Sani's offer of Powell's deemed admissions regarding a court ordered-sale and a deed executed in favor of Sani was insufficient to meet Sani's burden required to raise limitations. However, Sani claims that the decision of this Court in *Berry* is erroneous and that he properly raised the defense of limitations. To support its position, Sani cites the San Antonio Court of Appeals's opinion in *Cedillo v. Gaitan,* 981 S.W.2d 388, 390 (Tex.App.-San Antonio 1998, no pet.), which was critical of this Court's analysis and conclusions in *Berry.* In order to resolve this dispute over the applicability of *Berry,* we must first review what evidence was before the trial court when it ruled on the motions for summary judgment.

Sani moved for summary judgment in favor of all his claims [6] and denying Powell's claims. Powell requested summary judgment on the sole ground that the Tax Sale and recording of the Deed were void as a matter of law because both were actions taken in violation of the bankruptcy stay. In a supplemental response to Powell's motion for summary judgment, Sani argued that, among other things, the bankruptcy stay did not automatically in-

validate the Tax Sale and Powell's action was barred by the section 33.54 limitations. In support of his section 33.54 limitations argument, Sani contends in his brief to this Court that he produced "evidence of the judgment and order of sale, and Powell admitted to that fact."

The record shows that Sani introduced as summary judgment evidence Powell's deemed admissions to Sani's first request for admissions, the Deed, and Sani's receipt for payment in the amount of $7,000 from the Collin County tax assessor-collector. Powell's deemed admissions include the following:

> 2.  Pursuant to an Order of Sale and Judgment entered on May 20, 1996, by the 199th District Court, in favor of Collin County and Collin County CCD for itself and the use and benefit of the McKinney Independent School District against John Warren Powell, Sr., Cause No. 199–150–96, Constable Jerry Kunkle conducted a public sale of [the Property].
>
> 3.  On December 2, 1997, the Constable struck off and sold [the Property] to Counter–Plaintiff BASSAMPOUR for the sum of $7,000.00.
>
> 4.  After payment to the constable, Counter–Plaintiff received a deed to [the Property] and recorded same in the Deed Records Collin County on December 18, 1997 in Volume 4063, Page 0827.

Sani argues that the Deed, plus Powell's deemed admissions reciting statutory compliance and the constable's authority to sell, met the section 33.54 requirements to invoke the bar against Powell's action. We disagree.

---

**6.** These claims included: trespass to try title, declaratory judgment that Powell failed to properly and effectively redeem the Property pursuant to section 34.21, wrongful institution of civil proceedings, and attorney's fees.

■ This Court's decision in *Berry* plainly provides that, in order to raise the statute of limitations under section 33.54 of· the tax code, "a party must produce the same documentation that proves a valid tax deed." *Berry*, 795 S.W.2d at 240. "[I]n order to prove title under a tax deed, the proponent must introduce into evidence the decree of foreclosure and the order of sale." *Id.* at 238. The foreclosure judgment and order of sale establish in specific terms the sheriff's, or as in this case, constable's, authority to proceed with the sale, the method of sale authorized, and the terms of the sale. *See Clint Indep. Sch. Dist. v. Cash Inv., Inc.*, 970 S.W.2d 535, 537–38 (Tex.1998) (citing *Mills v. Pitts*, 121 Tex. 196, 199, 48 S.W.2d 941, 942 (1932)); *Berry*, 795 S.W.2d at 238; *State v. Rhodes*, 327 S.W.2d 701, 703 (Tex. Civ.App.-Dallas 1959, no writ). A mere recitation of the sheriff's authority to sell, for instance in the recitals of the deed, is insufficient. *Berry*, 795 S.W.2d at 238; *Stark v. Stefka*, 491 S.W.2d 757, 759 (Tex. Civ.App.-Austin 1973, no writ). This rule is one of long standing. *Mills*, 48 S.W.2d at 942; *Berry*, 795 S.W.2d at 238; *Stark*, 491 S.W.2d at 759 (citing *Wofford v. McKinna*, 23 Tex. 36, 43 (1859)); *Nagel v. Taylor*, 275 S.W.2d 561, 562 (Tex.Civ.App.-San Antonio 1955, writ dism'd w.o.j.); *Fink v. Grevsgard*, 123 S.W.2d 383, 384–85 (Tex.Civ.App.-Galveston 1938, writ ref'd). "If the sheriff acts outside the authority conferred by the foreclosure judgment and order of sale, the sale is void and title does not pass." *Clint Indep. Sch. Dist.*, 970 S.W.2d at 537–38 (citing *Berry*, 795 S.W.2d at 238, and *Rhodes*, 327 S.W.2d at 703).

The San Antonio Court of Appeals's criticism in *Cedillo* of the reasoning and authority in *Berry* is misplaced. That court criticized *Berry* in what it described as "at least two respects" of *Berry's* reasoning.

One point of criticism by the San Antonio Court of Appeals was that this Court relied upon old and distinguishable cases that construed equally old and distinguishable statutory predecessors to the tax code provisions applied in *Berry*. The San Antonio Court of Appeals wrote that the version of section 33.54 applicable to *Cedillo* does not require proof of the order of sale, and that the original 1895 version of section 34.01 declared that the tax deed "shall be held in any court of law or equity in this State to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud." *Cedillo*, 981 S.W.2d at 393 (citing Act of Apr. 13, 1895, 24th Leg., R.S., ch. 42, § 8, 1895 Tex. Gen. Laws 50, 52).[7] In *Cedillo*, the San Antonio Court of Appeals held the tax deed is all that is needed to prove one's right to title. Further, that court said that the section 33.54 limitations provision does not, in any way, require the party seeking to raise the statute of limitations to make a prima facie case of valid sale by offering the order of sale along with the deed. In so stating, the San Antonio Court of Appeals cited the then-applicable version of section 33.54:

> (a) [A] cause of action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action commences within three years after the deed executed to the purchaser at the tax sale is filed of record.
>
> * * *
>
> (c) When actions are barred by this section, the purchaser at the tax sale or his successor in interest shall be held to have full title to the property, precluding all other claims.

---

**7.** We note that the legislature has brought forward that provision by re-enactment, but there is no indication that the changes abrogated the previous requirements.

*Id.* at 391 (citing Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, sec. 33.54, 1979 Tex. Gen. Laws 2217, 2296, *amended by* Act of May 30, 1997, 75th Leg., R.S., ch. 1136, § 1, sec. 33.54, 1997 Tex. Gen. Laws 4299, 4299–4300, *amended by* Act of May 30, 1997, 75th Leg., R.S., ch. 1192, § 1, sec. 33.54, 1997 Tex. Gen. Laws 4594, 4594–95 (current version, reflecting a two-year limitation, at TEX. TAX CODE ANN. § 33.54 (Vernon 2001))).

Finally, the San Antonio Court of Appeals referred to the decision of this Court in *Berry* as no more than dicta. The *Berry* case came to the Dallas Court of Appeals after the trial court granted an instructed verdict on two grounds, that Berry had established title through (1) her unabandoned prior possession of the property and (2) the ten-year adverse limitations statute. *Id.* at 391 (citing *Berry,* 795 S.W.2d at 232). The San Antonio Court of Appeals reasoned that because the ten-year adverse possession claim was "proved" as one of the grounds for the instructed verdict, the analysis of the "continuous possession" claim and the application of its three-year statute of limitations was unnecessary. *Id.* at 392 (applying earlier version of section 33.54 with three-year limitation). We address these criticisms in order.

First, as to the San Antonio Court of Appeals's position that this Court in *Berry* erroneously interpreted then-current law based on inapplicable and outdated law, we cannot agree. The case law is clear, consistent, and legion that the proponent of a tax deed must prove his right to title by proof of the order of sale. Those cases follow the development and re-enactment of section 34.01 since 1895. *Mills,* 48 S.W.2d at 942; *Stark,* 491 S.W.2d at 759 (citing *Wofford,* 23 Tex. at 43); *Nagel,* 275 S.W.2d at 562; *Fink,* 123 S.W.2d at 384—85. As the San Antonio Court of Appeals

observed, the then-current section 34.01 had changed little since 1895, although re-enacted several times. *Cedillo,* 981 S.W.2d at 393. However, that court did not take notice of the direction from the Texas Supreme Court that when the legislature re-enacts a statute without significant change, it is presumed that the lawmakers knew of and adopted the existing interpretation. *Berry,* 795 S.W.2d at 239 (citing *Coastal Indus. Water Auth. v. Trinity Portland Cement Div., Gen. Portland Cement Co.,* 563 S.W.2d 916, 918 (Tex.1978)). The obligation of the proponent of a tax deed to prove "compliance with the law" by offering into evidence the order of sale is well supported. *Clint,* 970 S.W.2d at 537—38; *Stark,* 491 S.W.2d at 759; *Nagel,* 275 S.W.2d at 562; *Fink,* 123 S.W.2d at 384—85.

Second, the San Antonio Court of Appeals erred in its criticism that the section 33.54 limitations does not require prima facie proof of the validity of a tax sale by offering the order of sale and the deed. As this Court stated in *Berry,* sections 34.01 and 33.54 must be read and interpreted together. It is well-settled that statutes *in pari materia* are to be read and construed together in arriving at the intention of the legislature. *Calvert v. Fort Worth Nat'l Bank,* 163 Tex. 405, 409, 356 S.W.2d 918, 921 (1962); *Bowling v. City of Pearland,* 478 S.W.2d 143, 145 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ dism'd w.o.j.); *see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998); *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). Also, the statute regarding limitations on actions to recover real property that pre-dated the codification of tax code section 33.54, and thus applied when *Berry* and *Cedillo* were decided, makes clear that section 33.54 applies to claims "respecting any land sold for delinquent taxes at a tax sale pursuant to judicial foreclosure of a tax lien. . . ."

Act of May 28, 1977, 66th Leg., R.S., ch. 663, § 1, 1977 Tex. Gen. Laws 1680, 1680 (codified without substantive revision at TEX. TAX CODE ANN. § 33.54); *see Cedillo*, 981 S.W.2d at 393; *see also* TEX. GOV'T CODE ANN. § 312.002(a) (Vernon 1998) (words in statutes "shall be given their ordinary meaning"); *City of San Antonio*, 111 S.W.3d at 25. Thus, limitations did not apply to any sale other than the type described. One could not show entitlement to raise limitations under section 33.54 without proof of compliance.

Third, the San Antonio Court of Appeals's criticism of *Berry* is misplaced when it claims the analysis of the requirements for asserting the section 33.54 limitations is dicta. In *Berry*, this Court addressed an instructed verdict granted on both the adverse possession and the continuous possession claims. The instructed verdict was granted because Volunteer presented no evidence other than the tax deed. The San Antonio Court of Appeals wrote that it was not necessary to address the continuous possession claim and application of the three-year statute of limitation to that claim because the ten-year adverse possession claim was unrebutted by the facts and, thus, the validity of the tax deed was immaterial to the adverse possession claim. *Cedillo*, 981 S.W.2d at 391. However, as clearly recited in the *Berry* opinion, Volunteer raised issues on appeal as to the ten-year adverse possession claim "that Berry had not established limitations as a matter of law; that contested fact issues exist on this subject; and that Berry failed to make a prima facie limitations case." *Berry*, 795 S.W.2d at 241. This Court, in *Berry*, decided that the continuous possession claim was not subject to the statute of limitations under the facts, and said, "Consequently, it is not necessary to address Volunteer's complaint concerning adverse possession through limitations." *Id.* It is clear from the *Berry*

opinion that Volunteer's issues on appeal as to the adverse possession claim and the instructed verdict on that claim did not need to be addressed since this Court concluded that Volunteer had not properly raised its section 33.54 limitations defense. Having made that decision, there was no purpose to be served by analyzing and deciding Volunteer's other issues and determining whether another basis for the instructed verdict, the adverse possession claim, was valid.

Now, we must address the language of section 33.54 that is applicable to this case. It is different from the version before this Court in *Berry*. The version of section 33.54 applicable to this case states:

> Except as provided by Subsection (b), an action relating to the title to property may not be maintained *against the purchaser of the property at a tax sale* unless the action is commenced: ... (2) before the second anniversary of the date that the deed executed to the purchaser is filed of record, if on the date *that the suit to collect the delinquent tax was filed* the property was: (A) the residence homestead of the owner;....

TEX. TAX CODE ANN. § 33.54(a) (emphasis added).

The italicized passages above direct that section 33.54 applies *only* to a tax deed resulting from a suit to collect delinquent taxes. The version of section 33.54 applicable to *Berry* referred to land sold "for delinquent taxes at a tax sale pursuant to a judicial foreclosure of a tax lien." *Berry*, 795 S.W.2d at 238. The plain language in each version of the statute leads us to conclude that both statutes apply *only* to a court-ordered sale for delinquent taxes.

Additionally, in *Berry*, this Court noted another guiding rule of construction: a court must search for reasonable and har-

monious construction of sections 34.01 and 33.54. *Id.* at 240.

It would be absurd and inconsistent to say that section 34.01 requires documentation of authority, but that a deed holder can simply wait three years after recordation, present only the deed, and then claim the limitations protection due only to a valid deed under section 34.01.... To hold otherwise would extend the protection of limitations to an invalid or void deed that conveys no title.

*Id.* We conclude that the treatment of section 33.54 as a broad statute of limitations, as suggested by Sani, rather than a specific and narrowly applicable statute of limitations, would lead to absurd results. The plain meaning of the statutory sections directs this conclusion. *See City of San Antonio,* 111 S.W.3d at 25.

As in *Berry,* proof of such a sale, for which the statute of limitations affords protection, is not made by mere recitation, but rather by the order of sale itself, along with the deed. *Wright v. Vernon Compress Co.,* 156 Tex. 474, 478–79, 296 S.W.2d 517, 520 (1956); *Berry,* 795 S.W.2d at 238; *see Mills,* 48 S.W.2d at 942; *Stark,* 491 S.W.2d at 759 (citing *Wofford,* 23 Tex. at 43); *Nagel,* 275 S.W.2d at 562; *Fink,* 123 S.W.2d at 384–85. We do not suggest that in *Berry,* or in this case, one is required to obtain adjudication of the *validity* of the deed. One must simply make out a prima facie case by admitting into evidence the court order of sale and the tax deed. In so doing, the party meets its initial burden to show that it is entitled to invoke this particular bar. *Woods,* 769 S.W.2d at 517; *Love,* 982 S.W.2d at 943.

Having refuted the criticisms of the San Antonio Court of Appeals and reflected upon the current version of section 33.54, we apply *Berry* to the case at bar. The record reveals that Sani introduced the recorded Deed, Sani's receipt for purchase, and Powell's deemed admissions to Sani's first request for admissions as summary judgment evidence. Sani did not introduce the decree of foreclosure and order of sale as required under *Berry.* We conclude that Sani did not meet his factual burden to assert the section 33.54 limitation. Accordingly, we decide Sani's sole issue against him.

## ATTORNEY'S FEES UNDER THE TEXAS DECLARATORY JUDGMENTS ACT

In one cross issue, Powell contends that the trial court abused its discretion in denying his claim for attorney's fees under the Texas Declaratory Judgments Act. Sani argues the trial court properly denied Powell's claim for attorney's fees because the Texas Declaratory Judgments Act may not be used to claim fees to which the party would not otherwise be entitled.

### A. Applicable Law

■ "A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court." *Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture,* 981 S.W.2d 951, 956 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). "Attorney's fees are not available in a suit to quiet title or to remove cloud on title." *Id.* at 957. "Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form." *Hawk v. E.K. Arledge, Inc.,* 107 S.W.3d 79, 84 (Tex.App.-Eastland 2003, pet. denied). Because a claim for declaratory relief is "merely incidental to the title issues," the Texas Declaratory Judgments Act will not supplant a suit to quiet title by allowing attorney's fees under such circumstances. *Id.* (quoting *John G. & Marie Stella Kene-*

*dy Mem'l Found. v. Dewhurst,* 90 S.W.3d 268, 289 (Tex.2002)); *Southwest Guar. Trust,* 981 S.W.2d at 957.

## B. Application of Law to Facts

Powell brought this action seeking to remove cloud from title, quiet title, cancel the Deed, and recover unspecified damages and attorney's fees. In amended petitions, Powell replaced these claims with a request for declaratory relief which pleaded, in effect, a trespass to try title claim. His declaratory judgment pleadings plainly request the court to determine title to the Property:

> Plaintiffs seek a declaratory judgment declaring that (i) the judicial sale and subsequent alleged transfer of Property to Purchaser, and execution and recordation of the Sheriff's Deed to Purchaser were and are void and of no force and affect, (ii) all right, title and interest and the proper title ownership to the Property remains and vests with Plaintiffs, (iii) the Sheriff's Deed is invalid and unenforceable, and (iv) that any cloud on title of Plaintiffs to the Property be removed and that the Property be quieted in the name of Plaintiffs.

In the prayer at the end of his pleading, Powell requested declaratory relief in pertinent part as follows:

> 1. judgment declaring (i) the judicial sale and subsequent transfer of Property to Purchaser, execution and recordation of the Sheriff's Deed to Purchaser were and are void and of no force and affect, (ii) all right, title and interest and the proper title ownership to the Property remains and vests with Plaintiffs, (iii) the Sheriff's Deed is invalid and unenforceable, and (iv) that any cloud on title of Plaintiffs to the Property be

removed and that the Property be quieted in the name of Plaintiffs.

In substance, Powell's claim for declaratory relief is a claim to quiet title. Although Powell couches his claims in terms of a request for a declaration, everything he requests of the court is necessary to, and a component of, the ultimate relief he seeks, which is to clear the Property's title. When the essence of the suit is in trespass to try title, attorney's fees are not recoverable. *Hawk,* 107 S.W.3d at 84; *see Southwest Guar.,* 981 S.W.2d at 957. We conclude Sani established as a matter of law that Powell was not entitled to an award of attorney's fees under the Texas Declaratory Judgments Act. Accordingly, we resolve Powell's cross-issue against him.

## CONCLUSION

Having resolved Sani's single issue on appeal and Powell's single cross issue against them, we affirm the trial court's judgment.

MOSELEY, J., dissents with opinion.

Opinion by Justice MOSELEY.

I agree with the majority's recitation of the facts of this case, and thus I do not repeat them here in detail. I also agree with the majority's conclusion that Powell's [1] claims constitute a dispute over title to land, and that he is therefore not entitled to recover attorney's fees under the declaratory judgment act. *See Hawk v. E.K. Arledge, Inc.,* 107 S.W.3d 79, 84 (Tex. App.-Eastland 2003, pet. denied). However, I disagree with the majority's conclusion that Powell was entitled to summary judgment declaring the tax sale and deed void.

---

1. As does the majority's opinion, I refer to appellants collectively as "Sani" and appellees collectively as "Powell."

Sani pled as an affirmative defense the statute of limitations set forth in section 33.54 of the tax code. He also referenced this affirmative defense in his response to Powell's motion for summary judgment. The majority, however, concludes that Sani "did not meet his factual burden to assert the section 33.54 limitation" because the summary judgment record does not contain the judgment foreclosing the tax lien and the order of sale on which his tax deed is based. The majority's conclusion is based on language from this Court's opinion in *Volunteer Council of Denton State School, Inc. v. Berry*, 795 S.W.2d 230 (Tex. App.-Dallas 1990, writ denied).

I believe *Berry* is inapplicable to the case before us. Applying *Berry* in this case imposes a higher burden than the law recognizes for relying on an affirmative defense to avoid summary judgment, and deviates from the standard of review applicable to such situations. Further, if the language and reasoning in *Berry* is applicable here, then I would conclude that *Berry* is incorrect in its interpretation of section 33.54. If *Berry* means that Sani's failure to introduce the judgment foreclosing the tax lien and the order of sale was fatal to his efforts to avoid summary judgment, then—in light of the summary judgment record in this case—*Berry* improperly elevates form over substance and should be overruled.

Because I believe Sani raised a genuine issue of fact as to each element of his statute of limitations affirmative defense, I would reverse the trial court's summary judgment and remand for further proceedings.[2] Because the majority does not do so, I respectfully dissent.

### TAX CODE SECTION 33.54

**The Statute**

An action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless it is filed within a certain time period after the tax sale deed was filed of record. *See* TEX. TAX CODE ANN. § 33.54.[3] Thus the elements of Sani's affirmative defense are that: (1) the action relates to title; (2) the action is against the purchaser of the property at a tax sale; (3) the deed executed to the purchaser at the tax sale was filed of record; and (4) the action was not commenced before the second anniversary of the date the deed was recorded.[4] *See id.*

**Sani's Burden in Opposing Summary Judgment**

To obtain his own summary judgment based on section 33.54, Sani would have had to prove these elements as a matter of law. To prevail on his section 33.54 limitations defense at trial, he would have had to prove each element by a preponderance of the evidence. However, to defeat Powell's

---

2. Sani did not move for summary judgment based on limitations.

3. The text of section 33.54 is as follows:
(a) Except as provided by Subsection (b), an action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action is commenced:
(1) before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record; or
(2) before the second anniversary of the date that the deed executed to the purchas-

er is filed of record, if on the date that the suit to collect the delinquent tax was filed the property was:
(A) the residence homestead of the owner.
TEX. TAX CODE ANN. § 33.54. (Vernon 2001). Previous versions of this statute were substantially the same.

4. This statement assumes the property was Powell's residential homestead at the time the tax suit was filed, and thus that the longer, two-year, period applies.

summary judgment motion, Sani needed only to raise a fact issue as to each element. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 504 (Tex.App.-Dallas 1997, no pet.). As the non-movant, he was not required—at this stage in the proceedings—to prove his limitations affirmative defense as a matter of law or even by a preponderance of the evidence. *See Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 654 (Tex.App.-Waco 2000, pet. denied) (summary judgment reversed where fact issue raised on all elements of affirmative defense). In deciding whether Sani met this burden, it is axiomatic that the trial court (and we): take evidence favorable to Sani as true; indulge in every reasonable inference in his favor; and resolve all doubts in his favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548—49 (Tex.1985).

**The Summary Judgment Record**

Reviewing the record, and applying traditional standards of review, I believe Sani clearly raises at least a fact issue as to each element of his limitations defense. The majority opinion accurately describes the summary judgment record. It includes a copy of the tax deed, showing the deed was recorded "1997/12/18," more than two years before Powell filed suit (as per the clerk's record) on August 22, 2000. The record also contained Powell's deemed admissions that: (1) the constable sold the property at a public sale "[p]ursuant to an Order of Sale and Judgment;" (2) "the Constable struck off and sold the property to Counter–Plaintiff BASSAMPOUR ...;" and (3) "[a]fter payment to the constable, Counter–Plaintiff received a deed to the [disputed property] and recorded same in the Deed Records (sic) Collin County on December 18, 1997 in Volume 4063, Page 0827." In summary, I think there is no dispute that, but for *Berry*, Sani clearly raised at least a fact issue as to each element of his limitations defense under section 33.54.

**THE *BERRY* CASE**

In *Berry*, however, this Court stated that "in order to *invoke* [section 33.54] limitations protection, a party must produce the same documentation that proves a *valid tax deed.*" *Berry*, 795 S.W.2d at 240 (emphasis added). According to *Berry*, this meant a person asserting limitations under section 33.54 was required to introduce the tax judgment and the order of sale. *Id.*, at 239, 240 (citing *Wright v. Vernon Compress Co.*, 156 Tex. 474, 479, 296 S.W.2d 517, 520 (Tex.1956)). The summary judgment record here contains the tax deed, but does not contain either the tax judgment or the order of sale.

*Berry* was a trespass to try title case. The plaintiff, Berry, relied on two of the four means of proving title in a trespass to try title case: prior un-abandoned possession and title by limitations based on more than ten years of adverse possession.[5] The Volunteer Council of the Denton State School, Inc. answered, pleading "not guilty." It claimed record title through a tax deed filed of record some eight years before Berry filed her trespass to try title claim. Volunteer also filed a special plea in bar based on limitations pursuant to section 33.54 of the tax code (the same statute involved in this case). At trial

---

5. In a trespass to try title action, the plaintiff must recover, if at all, on the strength of its own title, not the weakness of the defendant's title. *Land v. Turner*, 377 S.W.2d 181, 183 (Tex.1964). Proof of title may be made by proving: (1) a regular chain of conveyances from the sovereignty of soil; (2) a superior title out of a common source; (3) title by limitations; or (4) title by prior possession coupled with proof that the possession has not been abandoned. *Bacon v. Jordan*, 763 S.W.2d 395, 396–97 (Tex.1988).

Volunteer introduced the tax deed, but did not introduce the tax judgment or order of sale. *Berry*, 795 S.W.2d at 238. The trial court instructed a verdict in favor of Berry. Volunteer appealed, claiming among other things that the trial court should have instructed a verdict in its favor because section 33.54 precluded Berry's claim as a matter of law.

The Court determined that Berry established her claim of prior possession [6] and, therefore, the burden shifted to Volunteer to prove a superior title through the tax deed or to prove its limitations affirmative defense. *Id.*, 795 S.W.2d at 237 ("Having established a prima facie claim of possession, the burden of persuasion shifted to Volunteer to establish that Berry's prior possession claim was inferior to its own."). The opinion framed the issue thusly: "We must determine whether the proponent need only introduce a recorded tax deed or whether the proponent must also introduce those documents that prove that the tax deed is valid." *Id.*, at 238—39. Volunteer argued that the tax deed was sufficient to prove its section 33.54 statute of limitations affirmative defense as a matter of law because the tax code provided that a

tax deed "vests good and perfect title in the purchaser or his assigns," subject to the defendant's right of redemption. *See* TEX. TAX CODE ANN., § 34.01(n) (Vernon Supp.2004—05).[7] *See also* TEX. CONST. art. 8, § 13(b) (deed to purchaser of property sold for unpaid taxes "shall be held to vest a good and perfect title in the purchaser thereof").

This Court held that the recitations in Volunteer's tax deed did not prove its limitations case as a matter of law; instead, to prevail as a matter of law Volunteer had to introduce into evidence the tax judgment and the order of sale. *See Berry*, 795 S.W.2d at 239. The Court reasoned that "the recitals in the tax deed, by themselves do not conclusively establish compliance with the conditions precedent to a lawful sale." *Id.*, at 238 (citing *Wright*, 296 S.W.2d at 520 and *Stark v. Stefka*, 491 S.W.2d 757, 759 (Tex.Civ.App.-Austin 1973, no writ)). The Court rejected Volunteer's argument that section 34.01(d) of the tax code rendered the tax deed sufficient to prove title as a matter of law. Again citing *Wright*, which it said construed a prior version of section 34.01,[8] the Court stated that "the proponent of a tax deed

---

**6.** The doctrine of prior possession is based on the theory that one in possession should not be disturbed except by another person who has better title. *Reiter v. Coastal States Gas Producing Co.*, 382 S.W.2d 243, 251 (Tex. 1964). Proof of prior possession is prima facie evidence of title and is good against one who has no title or fails to prove record title. *Dinwitty v. McLemore*, 291 S.W.2d 448, 451 (Tex.Civ.App.-Dallas 1956, no writ).

**7.** At the time *Berry* was decided and the property in this case was sold, this language was found in section 34.01(d) of the tax code. Property Tax Code, 66th Leg:, R.S., ch. 841, § 1, sec. 34.01(d), 1979 Tex. Gen. Laws 2217, 2297 (amended 1999) (current version at TEX. TAX CODE ANN. § 34.01(n) (Vernon Supp.2004–05)). For consistency with the discussion in *Berry*, I will refer to this provision as section 34.01(d).

**8.** *Wright* construed former article 1059 of the revised civil statutes. This article was repealed with the enactment of the tax code. Property Tax Code, 66th Leg., R.S., ch. 841, § 6, 1979 Tex. Gen. Laws 2217, 2329. Article 1059, quoted on pages 520–21 in *Wright*, provided that a tax deed would be prima facie evidence of certain facts and conclusive evidence of other facts. *See Wright*, 296 S.W.2d at 520–21. This language was not included in the language of tax code section 34.01(d), which provided in part that "[t]he deed vests good and perfect title in the purchaser or his assigns" subject to the defendant's right of redemption. Property Tax Code, 66th Leg., R.S., ch. 841, § 1, sec. 34.01(d), 1979 Tex. Gen. Laws 2217, 2297 (amended 1999). *Berry's* statement that section 34.01 has not changed significantly since *Wright* seems misplaced. *See Berry*, 795 S.W.2d at 239.

must show that the sale complied with the applicable statutory conditions." *Berry*, 795 S.W.2d at 238. The Court concluded that *Wright* was still good law, and thus "[t]he benefit afforded by [section 34.01(d) ] only comes into play when the deed proponent has complied with the law; it does not dispense with the need to prove compliance. Under this section, the proponent shows compliance by introducing the tax judgment and the order of sale." *Id.*, 795 S.W.2d at 239.

The majority examines *Berry*, as well as *Cedillo v. Gaitan*, 981 S.W.2d 388, 390 (Tex.App.-San Antonio, 1998, no pet.), a case from the San Antonio Court of Appeals criticizing *Berry*. It then concludes that Sani did not raise issues of fact on his 33.54 limitations affirmative defense because he "did not introduce the decree of foreclosure and order of sale as required under *Berry*."

### *Berry* Inapplicable

Even if *Berry* was decided correctly, its facts are distinguishable from this case because of differences in the proof, pleadings, and procedures involved here.

First, there is no indication in *Berry* that the party opposing the applicability of section 33.54 admitted facts concerning the validity of the tax deed, which would have obviated the necessity of proving its validity by other means (i.e. by introducing the judgment foreclosing the tax lien and the order of sale). In contrast, here Powell admitted that the constable sold the property to Sani (more specifically, to Bas-

sampour) at a public sale "[p]ursuant to an Order of Sale and Judgment . . ." and that Sani (Basampour) "received a deed to the [disputed property] and recorded same in the Deed Records." Thus Powell admitted the tax deed resulted from a judgment and order of sale in a tax suit. *See* TEX.R. CIV. P. 198.3 (matter admitted under rule 198 is "conclusively established as to the party making the admission"). Even if section 33.54 requires proof that the tax sale was held pursuant to a judgment and order of sale, that requirement was satisfied in this case—at least for purposes of responding to a motion for summary judgment—by Powell's admissions and the inclusion of the tax deed in the summary judgment record.

Second, there is no indication from *Berry* that Berry's pleadings contained anything other than the standard assertions required to assert a trespass to try title claim. *See* TEX.R. CIV. P. 783. Here, however, Powell's pleading asserted much more. His active pleading as of the date of summary judgment (third amended petition) alleged that "Constable Jerry Kunkle conducted a judicial tax sale of the Property in which the Property was 'struck' off to Fatemah Sadat Bassampour ('Purchaser') for $7,000.00 in cash." [9] The same pleading also alleged: "On December 18, 1997, on information and belief, a deed from Jerry Kunkle to Purchaser (the 'Sheriff's Deed') was recorded in Collin County, Texas." [10]

---

9. Again, Bassampour is one of the defendants referred to collectively as "Sani" here and in the majority opinion.

10. Further, as the majority recognizes (in the context of Powell's attorney's fee claim), the face of Powell's original petition, as well as his third amended petition, make clear the substance of his claim for declaratory relief is a claim to quiet title, and that the essence of his suit is in trespass to try title. Thus, it is

undisputed that Powell's action related to title to the disputed property. *See Martin v. Amerman*, 133 S.W.3d 262, 265–67 (Tex.2004) (concluding statutory trespass to try title action is only appropriate method of resolving dispute that necessarily involves determination of title).

Pleadings are not summary judgment evidence. *See Laidlaw Waste Sys., Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995). However, they frame the issues that are in dispute and that need to be determined. *See Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982). Here Powell's own pleadings make clear that there was no dispute that Sani's deed was based on the judgment foreclosing the tax lien and an order of sale issued pursuant to that judgment. Indeed, Powell states in his brief on appeal that this action was brought to declare the tax sale void as a violation of the bankruptcy automatic stay, and "not to challenge the tax sale as illegal or not in compliance with applicable state law."

Third, even if *Berry* correctly held that, *at trial,* a party cannot prove its section 33.54 limitations affirmative defense as a matter of law without placing the tax judgment and the order of sale into evidence, requiring a non-movant to do so simply to avoid summary judgment incorrectly goes beyond existing law. *See Mo.-Kan.-Tex. R.R. v. City of Dallas,* 623 S.W.2d 296, 298 (Tex.1981) (presumptions and burden of proof at conventional trial are immaterial to burdens in summary judgment practice); *Mayhew v. Town of Sunnyvale,* 774 S.W.2d 284, 287 (Tex.App.-Dallas 1989, writ denied). Applying *Berry* in the context of a response to a motion for summary judgment effectively increases the non-movant's burden and supplants the long-standing presumptions applicable to a summary judgment motion. *See Nixon,* 690 S.W.2d at 548–49.

Therefore, under the facts of this case I would hold that Sani can—and did—raise a fact issue as to each element of his section 33.54 limitations defense without placing into the summary judgment record the judgment foreclosing the tax lien and the order of sale.

### *Berry* is Incorrectly Decided

Although this issue need not be reached if we concluded that the facts of *Berry* were distinguishable from those in this case, I disagree with the majority's conclusion that *Berry* correctly held that the only way to prove a section 33.54 limitations defense as a matter of law is through the admission of the tax judgment, the order of sale, and the tax deed. Such a holding effectively elevates *a means of proving* the section 33.54 limitations defense—introducing the tax judgment and the order of sale—to the status of the elements of the limitations defense itself, foreclosing other means of proving the applicability of section 33.54.

Section 33.54 does not prohibit other means by which the purchaser at a tax sale may prove the validity of its tax deed. Neither does the logic underlying *Berry* and the cases on which it relies require the exclusion of other means of proving the tax deed's validity. That logic, as stated in *Berry,* is that "the recitals in the tax deed, by themselves do not conclusively establish compliance with the conditions precedent to a lawful sale." *Berry,* 795 S.W.2d at 238 (citing *Wright,* 296 S.W.2d at 520, and *Stark,* 491 S.W.2d at 759). But even if the recitals in the deed are not conclusive as to the deed's validity, it does not follow that means other than introducing the tax judgment and the order of sale are per se ineffective to prove as a matter of law that a tax deed is valid. Surely other means— in particular the admissions of the party opponent—are competent to meet this burden.

Further, I would hold that *Berry's* construction of section 33.54 is not warranted by the plain meaning of the statute and that it renders that section meaningless. Under the logic in *Berry,* the purchaser at a tax sale can be sued anytime and be put to the same proof he would have had to

make without section 33.54. For example, if an action relating to title is filed against a grantee at a tax sale within six months of recording the tax deed, the grantee cannot rely on section 33.54 and has to prove that the tax sale was valid in order to support his claim under the tax deed. Under *Berry*, however, even if the action is filed three years after the tax deed was recorded, the grantee must still prove that the tax sale was valid by offering into evidence the judgment foreclosing the tax lien and the order of sale. In other words, *Berry's* interpretation of section 33.54 would give the grantee under the tax deed no benefit. If the grantee prevails, it is not because of the bar of limitations but because of the validity of his tax title. Section 33.54 is a "limitation on actions relating to property sold for taxes." Tex. Tax Code Ann. § 33.54. As such, it should offer a point of repose and further the policy of settlement and repose of land titles. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 757 (Tex.2003); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (stating that limitations statutes afford plaintiffs what legislature deems a reasonable time to present their claims and establish a point of repose). Under *Berry's* construction, section 33.54 does not.

Two statements are particularly illustrative of the incorrect logic shaping the result in *Berry*. First, the opinion in *Berry* stated that "in order to *prove title* under a tax deed, the proponent must introduce into evidence the decree of foreclosure and the order of sale." *Berry*, 795 S.W.2d at 238 (emphasis added). Later the *Berry* opinion explains: "[I]n order to invoke limitations protection, a party must produce the same documentation that proves a valid tax deed." *Id.*, at 240. Thus *Berry* erroneously equated proving a limitation on actions under section 33.54 with proving

title under a tax deed. They are not the same.

Statutes of limitation such as section 33.54 do not affect the substantive rights of the parties; they merely bar the remedy by which one party seeks to enforce its substantive rights. *See City of Dallas v. Etheridge*, 152 Tex. 9, 14, 253 S.W.2d 640, 643 (1952). "[N]o statute of limitations directly addresses the merits of a claim to which it is interposed as a bar. Instead, limitations rest on a legislative policy judgment that requires the diligent pursuit of one's legal rights at the risk of losing them if they are not timely asserted." *City of Murphy v. City of Parker*, 932 S.W.2d 479, 481—82 (Tex.1996). Thus whether the tax deed is valid or void (as long as it is not void on its face) is irrelevant to the application of the legislatively mandated limitations period. Even if Powell has a good claim that the tax deed conveyed no title, he has only a limited time in which to bring suit on that claim.

In contrast to proving title through the tax deed, title resulting from the application of section 33.54 flows from the legislatively defined effect of the limitations bar, not from the validity of the tax deed itself: "When actions are barred by this section, the purchaser at the tax sale ... has full title to the property precluding all other claims." Tex. Tax Code Ann. § 33.54(c). The same is true of the adverse possession statutes: "If an action for the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has full title, precluding all claims." Tex. Civ. Prac. & Rem.Code Ann. § 16.030(a) (Vernon 2002). Thus, invoking the limitations protection of section 33.54 is not the same as proving title under a tax deed and the proof requirements for tax deeds should not be applied to the limitations statute.

I also conclude that use of the word "deed" in section 33.54 does not imply that

the deed must be valid or supported by a judgment and order of sale. This conclusion is supported by analogy to the adverse possession statutes of limitations. For example, the word "deed" as used in other statutes of limitations, such as the five-year adverse possession statute, does not mean a "valid" or "unimpeachable" deed that conveys title. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.025 (Vernon 2002).[11] The five-year adverse possession statute requires that a person claim the property under a duly registered deed, but the validity of the deed as a conveyance of title is immaterial:

> For the purpose of limitation, it is wholly immaterial that the deed conveys no title. An instrument in the form of a deed not void on its face, even though the grantor be wholly without title, satisfies the requirement of the statute....
>
> The whole object of the statute in requiring a deed and its due registration is to define the boundaries of the claim and give notice to the true owner of such adverse claim. This is accomplished by any apparently valid instrument having the essential parts of a deed. *That the deed is in fact void is immaterial.* So, likewise, is the ground of its invalidity. The sole inquiry is whether the instrument is a deed within the purview of the statute.

*Davis v. Howe,* 213 S.W. 609, 610 (Tex. Com.App.1919, judgm't adopted) (concluding that tax deed not void on its face was a deed for purposes of five-year adverse possession statute) (emphasis added).

Thus, a tax deed, even if invalid or without evidence of the judgment or order of sale, may trigger the running of the five-year statute of limitations: "[W]hile a tax deed which is unsupported by an order of sale does not establish valid legal title, it is admissible for the purpose of showing the nature of the holder's possession and as a basis for protection of his claim of title under the 5–year statute of limitation." *Bavousett v. Bradshaw,* 332 S.W.2d 155, 158 (Tex.Civ.App.-Amarillo 1959, writ ref'd n.r.e.). *See also Davis,* 213 S.W. at 610—11; *Rosborough v. Cook,* 108 Tex. 364, 366, 194 S.W. 131, 132 (1917) (holding it is not character of deed as conveyance but notice given of adverse claim that triggers five-year statute of limitations based on registered deed); *Lindley v. Mowell,* 232 S.W.2d 256, 259—60 (Tex.Civ.App.-Eastland 1950, writ ref'd n.r.e.). I would hold that the same principle applies to the statute of limitations set forth in section 33.54.

### POWELL'S ARGUMENT THAT DEED IS VOID BASED ON BANKRUPTCY STAY

Powell argues on appeal that even if Sani met his burden under section 33.54, that section does not apply because the deed was void. He did not, however, raise this ground in his motion for summary judgment. He did not raise it until after the trial court granted summary judgment when he responded to Sani's motion to reconsider the summary judgment. Regardless of the timeliness of Powell's arguments about section 33.54, they have no merit. Powell's main argument is based on the merits of his claim that the deed is void as a violation of the automatic stay. But even a void deed may be a deed for purposes of a statute of limitations. *See Davis,* 213 S.W. at 610—11 (tax deed not

---

11. Unlike civil practice and remedies code section 16.025, section 33.54 does not require possession of the property. TEX. TAX CODE ANN. § 33.54(a); *see Rosborough v. Cook,* 108 Tex. 364, 366, 194 S.W. 131, 132 (1917) (purpose of adverse possession is to give owner notice

of adverse claim). The recording of the tax deed gives the owner notice of the adverse claim under section 33.54. *See* TEX. PROP.CODE ANN. § 13.002 (Vernon 1984) (recording of instrument is notice to all persons of the instrument).

void on its face is deed for purposes of five-year adverse possession statute). The deed here is not void on its face—Powell's argument that the deed is void requires proof that he filed bankruptcy before the sale and the bankruptcy case was still pending on the date of the sale. Thus, the tax deed, even if void, was still a deed that was recorded and triggered the running of limitations under section 33.54. I conclude that whether a tax deed is void—so long as it is not void on its face—does not affect the applicability of the statute of limitations set forth in section 33.54 of the tax code.

### CONCLUSION

In summary, Sani offered summary judgment evidence that he was the purchaser of the property at a tax sale, the tax sale was conducted pursuant to a judgment and order of sale, the tax deed executed to him was recorded, and Powell's action relating to title to the property was not commenced within two years of the recording of the tax deed. Taking this evidence as true, indulging every reasonable inference in favor of the non-movant, and resolving any doubts in his favor, as required by the standard of review, Sani raised a genuine issue of fact as to each of the elements required by section 33.54.[12] As a result, the trial court erred in granting summary judgment for Powell when fact issues remained on Sani's affirmative defense. I would reverse the trial court's judgment and remand for further proceedings.

---

12. Sani argues he proved the limitations defense as a matter of law based on the deed and Powell's admissions and asks use to reverse and render judgment in his favor. However, Sani never moved for summary judgment on the ground that Powell's claims were barred by limitations. Thus, even if Sani is correct, we cannot reverse and render judgment on a ground not raised in his motion for summary judgment. TEX.R. CIV P. 166a(c).